**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG,
    Plaintiff,

v.

PETER M. KOPKE, in his personal capacity, PATRICIA DEPRIEST, in her personal capacity; and STEVEN W. PICKENS, in his personal capacity,
    Defendants
_____ /

Case No.: 18-cv-1334
Honorable _____

**VERIFIED COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

## VERIFIED COMPLAINT

NOW COMES Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, by and through counsel, and complains as follows:

### PARTIES

1.    Plaintiff MICHAEL PUNG is a resident of the State of Michigan and brings this action in the capacity as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG.

1

## JURISDICTION

2. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and § 1343 as this case involves federal questions and federal civil rights under 42 U.S.C. § 1983.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as it is believed, on information and belief, that Defendant PETER M. KOPKE resides and does business in Ingham County.

## GENERAL ALLEGATIONS

4. In October 2004, Timothy Scott Pung died and left a wife, Donnamarie, and two children, Katie and Marc Pung, at the time of his death.

5. He also left behind improved real property and a home located at 3176 St. Andrews Drive, Union Township, Isabella County, Parcel No. 37-14-120-00-004-00 (hereinafter the "Pung Property").

6. Timothy Scott Pung purchased the Pung Property by warranty deed in 1991 and was granted a Principal Residence Exemption ("PRE") in 1994.

7. Following Timothy's death, Donnamarie Pung lived in the house continuously until her death in 2008.

8. At that point, Marc Pung, Timothy's son, began continuously occupying the Pung Property and continues to do so to this day.

9. In 2010, Defendant PAT DEPRIEST, using her role as assessor at Charter Township of Union, denied the application of the Michigan Principal Residence Exemption, commonly known as the PRE or "homestead credit," on her interpretation and application of the *General Property Tax Act*, MCL 211.78 et seq, for the years of 2007, 2008, and 2009 which resulted in a small increased property tax burden.

10. Plaintiff MICHAEL PUNG, as personal representative, challenged that conclusion before the Michigan Tax Tribunal which rendered a favorable decision on behalf of the Estate.

11. ALJ Lasher, as the hearing officer for the Michigan Tax Tribunal, found that MCL 211.7dd applied and resulted in entitlement to the PRE for the surviving beneficiaries of the Estate.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

12.     Specifically, ALJ Lasher concluded that the Estate has proven, by a preponderance of the evidence, that the subject property is qualified to receive an exemption under MCL 211.7cc for the tax years at issue.

13.     ALJ Lasher also concluded—

> MCL 211.7cc (2) provides that an owner of property may claim an exemption from school operating taxes so long as the property is owned and occupied as a principal residence by that owner of the property on or before May 1 of the Tax year at issue. MCL 211.7dd(a)(iii) defines the term "owner" to include "a person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession." MCL 211.7dd(c) provides that a "principal residence" means the "one place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return…" In this regard, the Tribunal finds that even though title to the subject property has not passed to Donnamarie Pung and Marc Pung, as intestate successors to Timothy Pung both individuals are "owners" of the subject property as that term is defined in applicable statute. Further, the evidence presented by [respondent] clearly establishes that Donnamarie Pung resided at the subject property before the death of her husband, Timothy Pung, and continued to reside at the subject property until Fall 2008. The evidence also establishes that Marc Pung began residing at the subject property when his mother vacated the property, and continues to reside at the subject property.

14.     ALJ Lasher also concluded has the Estate had sufficiently proven through testimony and exhibits that the subject property was owned and occupied as a principal residence by two of the beneficiaries of the Trust entitling the Pung Property to the PRE credit.

15.     ALJ Lasher's decision was rendered March 7, 2012.

16.      Following that decision, Defendant PATRICIA DEPRIEST still refused to apply the PRE to the Pung Property consistent with the decision of ALJ Lasher, which resulted in a small, unpaid amount of property taxes equal to an amount consisting of the PRE credit.

3

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

17. Defendant STEVEN PICKENS, as the county treasurer of Isabella County, begin foreclosure proceedings under Michigan's *General Property Tax Act* to seize and sell for the unpaid amount of property taxes when the tax liability was, in fact, zero dollars.

18. Plaintiff MICHAEL PUNG, as personal representative, again challenged that action at the foreclosure hearing held in the Isabella County Trial Court and received a favorable ruling.

19. Defendant STEVEN PICKENS, as the county treasurer of Isabella County, appealed that decision to the Michigan Court of Appeals and lost.

20. The Michigan Court of Appeals concluded that the Tax Tribunal had already conclusively the Estate was entitled to the principal residence exemption and that under the doctrine of res judicata, Tax Tribunal's conclusion is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.

21. In later 2012, Defendant PATRICIA DEPRIEST finally applied the PRE to the Pung Property in the tax statement (hereinafter the "Original Tax Statement"), see **Exhibit A, p. 48, lines 23-25, p. 49, lines 1-3.**

22. After issuing the Original Tax Statement applying the PRE, Defendant PATRICIA DEPRIEST removed the applied PRE without notice to Plaintiff MICHAEL PUNG and by creating but not issuing a changed tax statement regarding the Pung Property for 2012 (hereinafter the "Changed Tax Statement").

23. The late denial of the PRE via the Changed Tax Statement was also invalid because such requires written notice to the property owner and the Department of Treasury, which was not done by Defendant PATRICIA DEPRIEST, see MCL 211.7cc(6).

24. Defendant PATRICIA DEPRIEST did all this under and by an agreement and/or arrangement with Defendant PETER M. KOPKE.

25. Under Michigan law, any attempt to deny the PRE requires it be done by Defendant PATRICIA DEPRIEST December 31 of the taxing year, MCL 211.2(c)(2).

4

26. By an agreement between Defendant PATRICIA DEPRIEST and Defendant PETER M. KOPKE, together with and for the political benefit of Defendant STEVEN PICKENS, Defendant PATRICIA DEPRIEST removed the PRE credit from the Pung Property tax calculation vis-à-vis a created (but not proper issuance of the) Changed Tax Statement and unlawfully tried to deny the PRE for the 2012 in February 2013 in a manner expressly contrary to MCL 211.2(c)(2), see **Exhibit A, p. 49, lines 3-10**.

27. In February 2013, Plaintiff MICHAEL PUNG paid the amount listed in the only tax statement given to him, the Original Tax Statement.

28. This resulted in a small remaining unpaid tax balance (hereinafter the "Improper Remaining Balance") unknown to Plaintiff MICHAEL PUNG.

29. That unpaid tax balance should have never existed due to the decision of ALJ Lasher and confirmed by the Michigan Court of Appeals, see **Exhibit B**.

30. In 2015, Defendant STEVEN PICKENS, knowing the tax was not owed due to ALJ Lasher's decision, commenced tax foreclosure proceedings against the Pung Property for not paying the Improper Remaining Balance, plus the interest and penalties generated (without notice).

31. Plaintiff MICHAEL PUNG did not receive any notice that the Pung Property was being foreclosed upon for Improper Remaining Balance.

32. Via a letter dated April 2, 2015 and despite knowing the Timothy Scott Pung was long deceased, Defendant STEVEN PICKENS wrote a letter to "Timothy Scott Pung" at an address not associated with him, 5475 Blue Heron, Alma, Michigan.

33. The letter informed "Timothy Pung" that Defendant STEVEN PICKENS had foreclosed on the Pung Property.

34. That letter, despite being dated April 2, 2015, was not mailed until April 22, 2015.

35. The purpose behind waiting so long to send these communications was to get past the March 31st deadline at which point Plaintiff MICHAEL PUNG would have no recourse under state law.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

36. Defendant STEVEN PICKENS foreclosed on the Pung Property with actual knowledge that the unpaid tax was, in fact, not owed.

37. Relief from the foreclosure was sought in the state courts for the past three years by fighting the in-rem tax foreclosure, including an Application for Leave to Appeal to the Michigan Supreme Court, and has failed to provided relief in the harm caused by the civil conspiracy.

38. By the joint operation and agreement by and among the defendants, the ESTATE OF TIMOTHY SCOTT PUNG suffered the complete loss of the Pung Property over an amount consisting of less than $2,000.00 in 2018.

39. Now, Defendant STEVEN PICKENS, in furtherance of the conspiracy, has taken steps to evict the inhabitants of the Pung Property, including Marc Pung, Timothy's son.

## COUNT I
## CONSPIRACY TO VIOLATE DUE PROCESS

40. The previous paragraphs are pled word for word herein.

41. The Fourteenth Amendment to the United States Constitution prohibits the deprivation to any person of property without due process of law.

42. Defendants, in joint conspiracy, used their respective powers and authority provided under state law, to assert and effectuate an intentionally invalid legal position that a tax was owed in order to initiate a process to ultimately deprive Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, of property rights in form of ownership of the Pung Property without due process of law.

43. When starting this process, all Defendants knew or should have known that no tax was owed based on the decision of ALJ Lasher, the hearing officer for the Michigan Tax Tribunal.

44. Despite having that knowledge, Defendants, in joint conspiracy, used their respective powers and authority provided under state law to wrongfully and improperly cause or about to cause the complete deprivation of property, i.e. the Pung Property, without due process of law.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## RELIEF REQUESTED

45. WHEREFORE, Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG respectfully requests this Court to—

a. Enjoin the further disposition or attempt disposition of the Pung Property by any Defendant pending resolution of this case;

b. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants, in joint conspiracy, as being unconstitutional;

c. Enter a declaratory or injunctive order of this Court restoring full and rightful title of the Pung Property to Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG having been improperly seized by Defendants under the color of law in violation of the Fourteenth Amendment to the United States Constitution;

d. Award compensatory, actual, nominal, and punitive damages;

e. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

f. Enter an order for all such other relief the court deems equitable.

## JURY DEMANDED

46. For all triable issues, a jury is demanded.

Date: November 30, 2018

RESPECTFULLY SUBMITTED:
/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com
Attorney for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

## VERIFICATION

I, Michael Pung, declare as follows:

1. I am the plaintiff in the present case in my capacity as the personal representative of the Estate of Timothy Scott Pung, and am citizen of the United States of America, and a resident of the State of Michigan.

2. I have personal knowledge of my activities and my intentions, including those set out in the foregoing Verified Complaint; and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of ESTATE OF TIMOTHY SCOTT PUNG as well as Timothy's son, Marc Pung, together with our activities and intentions, including those set out in the foregoing Verified Complaint, and, if called on to testify, I would competently testify as to the matters stated herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2018

Michael Pung

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com