

EXHIBIT
**C**
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

# STATE OF MICHIGAN
## DEPARTMENT OF LICENSING & REGULATORY AFFAIRS
## MICHIGAN ADMINISTRATIVE HEARINGS SYSTEM
## MICHIGAN TAX TRIBUNAL

Estate of Timothy S. Pung
    Petitioner,

v

Township of Union,
    Respondent.

_____/

Small Claims Division
MTT Docket No. 387372

Case Type: Principal Residence Exemption

Tribunal Judge Presiding
Steven H. Lasher

## FINAL OPINION AND JUDGMENT

Location of Hearing:      Mt. Pleasant, Michigan
Date of Hearing:      February 15, 2012
Petitioner's Representative:      Anthony G. Costanzo, Attorney
     Mike Pung, Personal Representative
Respondent's Representative:      Patricia M. DePriest, Assessor

## PROCEDURAL HISTORY

Respondent issued a Notice of Denial of Homeowner's Principal Residence Exemption on March 18, 2010 for the 2007, 2008 and 2009 tax years.

Petitioner filed this appeal with the Tribunal on April 19, 2010.

## ISSUES AND APPLICABLE LAW

The issues in this matter are:

1. Whether Petitioner's property qualifies for a principal residence exemption under MCL 211.7cc.

"In general, tax exemption statutes are to be strictly construed in favor of the taxing authority." *Michigan United Conservation Clubs v Lansing Twp*, 423 Mich 661, 664; 378

NW2d 737 (1985); *Ladies Literary Club v Grand Rapids*, 409 Mich 748, 753-754; 298 NW2d 422 (1980). The petitioner must prove, by a preponderance of the evidence, that it is entitled to an exemption. *ProMed Healthcare v Kalamazoo*, 249 Mich App 490; 644 NW2d 47 (2002).

As for the applicable statutory law:

MCL 211.7cc provides that:

> A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under...MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section.

MCL 211.7dd provides that"

> Principal residence' means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established...[p]rincipal residence includes only that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and that is owned and occupied by an owner of the dwelling or unit...[p]rincipal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner...[c]ontiguity is not broken by a road, a right-of-way, or property purchased or taken under condemnation proceedings by a public utility for power transmission lines if the 2 parcels separated by the purchased or condemned property were a single parcel prior to the sale or condemnation...[p]rincipal residence also includes any portion of a dwelling or unit of an owner that is rented or leased to another person as a residence as long as that portion of the dwelling or unit that is rented or leased is less than 50% of the total square footage of living space in the dwelling or unit.

MCL 211.7dd also provides that:

Owner means any of the following: (i) A person who owns property or who is purchasing property under a land contract. (ii) A person who is a partial owner of property. (iii) A person who owns pro e as a result of being a beneficiary of a will or trust or as a result of intesta e succession. (iv) A person who owns or is purchasing a dwelling on leased land. (v) A person holding a life lease in property previously sold or transferred to another. (vi) A grantor who has placed the property in a revocable trust. (vii) The sole present beneficiary of a trust if the trust purchased or acquired the property as a

TT Docket No. 387372
Final Opinion and Judgment, Page 3 of 6

principal residence for the sole present beneficiary of the trust, and the sole present beneficiary of the trust is totally and permanently disabled. As used in this subparagraph, "totally and permanently disabled" means disability as defined in section 216 of title II of the social security act, 42 USC 416, without regard as to whether the sole present beneficiary of the trust has reached the age of retirement. (viii) A cooperative housing corporation. (ix) A facility registered under the living care disclosure act, 1976 PA 440, MCL 554.801 to 554.844.

MCL 211.7dd(b) provides that: "'Person' for purposes of defining owner as used in section 7cc means an individual."

## SUMMARY OF EVIDENCE

A. *Petitioner's Evidence*

Petitioner's Exhibits:

Petitioner offered the following exhibits:

1. Letter appeal dated April 19, 2010.
    a. Tax bills
    b. Notice of Denial of PRE dated March 18, 2010
    c. Funeral expenses dated November 4, 2004
    d. Probate Court documents
    e. Email correspondence to CMS Energy and utility bills
    f. 2009 W-2 for Marc Pung
2. Petition dated August 4, 2010.
3. Correspondence from Anthony G. Costanzo, Petitioner's counsel, dated January 24, 2012
    a. Petitioner correspondence to Respondent dated April 12, 2010, June 14, 2010, June 27, 2010, August 4, 2010 and February 10, 2011.
    b. Counsel letter to Respondent's assessor dated June 9, 2011
    c. Probate Court documentation showing Donna Pung as the surviving spouse of Petitioner, and Katie Pung and Marc Pung as surviving children of Petitioner.
    d. Articles from The Morning Sun
    e. Marc Pung's W-2 form for 2009 reflecting subject property as his address.
    f. Correspondence dated September 14, 2009 from a prospective employer to Marc Pung at the subject property.
    g. Correspondence dated July 30, 2009 from the Pointe Royale Neighborhood Association.

The following exhibits were excluded from evidence: None



MTT Docket No. 387372
Final Opinion and Judgment, Page 4 of 6

Based on the pleadings, the admitted exhibits, and sworn testimony, Petitioner's
representative stated that Timothy Pung died intestate in 2004, Mike Pung was named
personal representative for the estate, Timothy's surviving spouse was Donnamarie
Pung and Mr. Pung was survived by his son Marc Pung and his daughter Katie Pung.
Petitioner's representative further stated that Donna Pung resided at the subject
property until Fall 2008 and that Marc Pung began residing at the subject property in the
Fall 2008 and continues to reside at the subject property. Petitioner's representative
further stated that the Estate of Timothy S. Pung has not closed due to a variety of
circumstances unrelated to the issues before the Tribunal. Petitioner contends that
during the tax years at issue, the subject property was owned and occupied by either
Donnamarie Pung or Marc Pung as their principal residence pursuant to MCL
211.7dd(a)(iii) and, as a result, the subject property should qualify for the Principal
Residence Exemption.

B. *Respondent's Evidence*

Respondent's Exhibits:

Respondent offered the following exhibits:

1.  Answer to Petition dated May 25, 2010.
    a.  Assessment records.
    b.  Affidavit for Homestead Exemption dated February 16, 1994 filed by
        Timothy Pung.
    c.  Warranty Deed dated August 5, 1991 conveying subject property to
        Timothy Pung.

The following exhibits were excluded from evidence: None

Based on the pleadings, admitted exhibits, and sworn testimony, Respondent's
representative stated that a denial of the PRE was issued by Respondent for the 2007,
2008 and 2009 tax years because the only information Respondent had was the original
Warranty Deed reflecting Timothy Pung's purchase of the subject property in 1991 and
Mr. Pung's Affidavit for Homestead Exemption filed in February 1994. Respondent
contends that it had no information regarding Mr. Pung's estate and no information
regarding ownership of the property during the tax yeas at issue.

## FINDINGS OF FACT

The following facts were found to be proven by a preponderance of the evidence:

1.  The subject property is located at 3176 St. Andrews Drive, Mt. Pleasant,
    Michigan in the county of Isabella.
2.  The subject property is classified as residential real.
3.  Timothy Pung died intestate on October 25, 2004.

Docket No. 387372
nal Opinion and Judgment, Page 5 of 6

4. Mr. Pung's surviving spouse, Donnamarie Pung, and two children, Katie Pung and Marc Pung are the beneficiaries of Mr. Pung's estate.
5. Mr. Pung's estate has not been closed as of the date of this Final Opinion.
6. Petitioner is the owner of the subject property.
7. Mr. Pung's surviving spouse, Donna Pung, occupied the subject property continuously from the date of Mr. Pung's death until late 2008.
8. Mr. Pung's surviving son, Marc Pung has continuously occupied the subject property from late 2008 and continues to reside at the subject property
9. Mr. Pung filed an affidavit to claim the PRE dated February 16, 1994.
10. The subject property has a PRE of 0% for the tax years at issue.

## CONCLUSIONS OF LAW

1. Petitioner has proven, by a preponderance of the evidence, that the subject property is qualified to receive an exemption under MCL 211.7cc for the tax years at issue.
2. The following authority and reasoned opinion supports this burden of proof determination: MCL 211.7cc(2) provides that an owner of property may claim an exemption from school operating taxes so long as the property is owned and occupied as a principal residence by that owner of the property on or before May 1 of the tax year at issue. MCL 211.7dd(a)(iii) defines the term "owner" to include "a person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession." MCL 211.7dd(c) provides that a "principal residence" means the "one place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return . . . ." In this regard, the Tribunal finds that even though title to the subject property has not yet passed to Donnamarie Pung and Marc Pung, as intestate successors to Timothy Pung both individuals are "owners" of the subject property as that term is defined in applicable statute. Further, the evidence presented by Petitioner clearly establishes that Donnamarie Pung resided at the subject property before the death of her husband, Timothy Pung, and continued to reside at the subject property until Fall 2008. The evidence also establishes that Marc Pung began residin   at the subject property when his mother vacated the rope  , an  continues o resi  a  e u je  prope  . Petitioner has sufficiently proven through testimony and exhibits that the subject property was owned and occupied as a principal residence by two of the beneficiaries of the Trust.

## JUDGMENT

IT IS ORDERED that the property's principal residence exemption for the tax years at issue shall be as set forth in the *Summary of Judgment* section of this Opinion and Judgment.

**MTT Docket No. 387372**
**Final Opinion and Judgment, Page 6 of 6**

IT IS FURTHER ORDERED that the officer charged with maintaining the assessment rolls for the tax years at issue shall correct or cause the assessment rolls to be corrected to reflect the property's true cash and taxable values as finally shown in this Final Opinion and Judgment within 20 days of the entry of the Final Opinion and Judgment, subject to the processes of equalization.  See MCL 205.755.  To the extent that the final level of assessment for a given year has not yet been determined and published, the assessment rolls shall be corrected once the final level is published or becomes known.

IT IS FURTHER ORDERED that the officer charged with collecting or refunding the affected taxes shall collect taxes and any applicable interest or issue a refund as required by the Final Opinion and Judgment within 28 days of the entry of the Final Opinion and Judgment.  If a refund is warranted, it shall include a proportionate share of any property tax administration fees paid and of penalty and interest paid on delinquent taxes.  The refund shall also separately indicate the amount of the taxes, fees, penalties, and interest being refunded. A sum determined by the Tribunal to have been unlawfully paid shall bear interest from the date of payment to the date of judgment and the judgment shall bear interest to the date of its payment.  A sum determined by the Tribunal to have been underpaid shall not bear interest for any time period prior to 28 days after the issuance of this Final Opinion and Judgment.  Pursuant to MCL 205.737, interest shall accrue (i) after December 31, 2005, at the rate of 3.66% for calendar year 2006, (ii) after December 31, 2006, at the rate of 5.42% for calendar year 2007, (iii) after December 31, 2007, at the rate of 5.81% for calendar year 2008, (iv) after December 31, 2008, at the rate of 3.31% for calendar year 2009, (v) after December 31, 2009, at the rate of 1.23% for calendar year 2010, and (vi) after December 31, 2010, at the rate of 1.12% for calendar year 2011, and at the rate of 1.09% for calendar year 2012.

This Final Opinion and Judgment resolves all pending claims in this matter and closes this case.

MICHIGAN TAX TRIBUNAL

Entered: **MAR 0 7 2012**      By _____