

STATE OF MICHIGAN
IN THE ISABELLA COUNTY TRIAL COURT

IN THE MATTER OF THE PETITION OF
THE ISABELLA COUNTY TREASURER,

    Petitioner,

v.

ISABELLA,

    Respondent.

Case No.
14-11664-CF

Hon. Paul H. Chamberlain

FILED
OCT 08 2015
COUNTY CLERK
ISABELLA COUNTY
MT. PLEASANT, MICH

## OPINION AND ORDER
## ON RESPONDENT'S MOTION TO SET ASIDE FORECLOSURE

### I. FACTS

This action involves foreclosure of property owned by the Estate of Timothy Scott Pung (Respondent) by the Isabella County Treasurer's Office (Petitioner). These parties have been arguing over the same issue since 2007. The Tax Tribunal decided in favor of respondent in 2012, finding that respondent was entitled to the principal residence exemption (PRE) for the subject property for tax years 2007, 2008, and 2009. Despite the decision of the Tax Tribunal and a lack of any change in the parties' circumstances, Union Township continued to deny respondent the PRE for 2010, 2011, and 2012. When the PRE was denied in 2012, respondent claims a failure to receive any notice of the related foreclosure proceedings. On February 20, 2015, judgment of foreclosure of the property was entered by this court for failure to pay the 2012 taxes. Respondent now asks this court to set aside the foreclosure. If this court cannot set aside the foreclosure, respondent will lose the property for failure to pay the amount of the principal residence exemption, even though no one involved disputes that the property has been used as a principal residence since the death of Timothy Scott Pung in 2004. MCL 211.78a(1).

Michael W. Pung is the personal representative of the Estate of Timothy Scott Pung. One of the assets in the Estate is the house and real property located at 3176 St. Andrews Drive, Union Township, Isabella County, Michigan. The decedent applied for the principal residence exemption in 1994 and was granted said exemption from that year through his death in 2004. Respondent continued to receive the principal residence exemption in 2005 and 2006, as decedent's wife and son continued to reside at the subject property. Decedent's wife, Donna Pung, moved out of the house in 2008, but decedent's son, Marc Pung, has continuously resided at the property as his principal residence from 2008 through the present day.

Union Township Assessor Pat DePriest denied the principal residence exemption to respondent for tax years 2007, 2008, and 2009. Personal representative Michael Pung provided proof of continued residency to Union Township and appealed the denial to the Tax Tribunal.

1

The matter was heard by Administrative Law Judge Lasher, who rendered his Final Opinion and Judgment on March 7, 2012, holding that the subject property shall be granted a principal residence exemption for the 2007, 2008, and 2009 tax years. Subsequently, the Township denied respondent the principal residence exemption for tax years 2010 and 2011.

At a hearing before this court on the petition for foreclosure with respect to the 2010 and 2011 taxes, this court ruled that pursuant to the Tax Tribunal's opinion, taxes for the two years then at issue (2010 and 2011) had been fully paid pursuant to Tax Tribunal Rule 205.1313(3), which states that:

> The appeal for each subsequent year for which an assessment has been established is added automatically to the Petition for an assessment dispute as to the valuation or exemption of property at the time of hearing. For the purposes of this subrule, an assessment has been established once the board of review has confirmed the assessment roll at the statutorily required March board of review meeting.

Petitioner filed a motion for reconsideration as to this court's ruling on the 2010 and 2011 taxes. The motion was denied. Petitioner then appealed the decision to the Michigan Court of Appeals. On February 10, 2015, the Court of Appeals rendered a unanimous decision upholding this court's order relative to the 2010 and 2011 taxes.

In December 2012, personal representative Michael Pung received the 2012 tax bill for the property. This bill granted the principal residence exemption for 2012. When Mr. Pung went to pay the tax bill, he was informed of the existence of an adjusted tax bill denying the principal residence exemption for 2012. Mr. Pung paid only the amount required by the initial tax bill.

Union Township Assessor Pat DePriest testified at a hearing before this court on August 20, 2015, that she did initially grant the 2012 PRE, but she then had a telephone conversation with Peter Kopke, the chief clerk of the Tax Tribunal. According to Ms. DePriest's testimony, Mr. Kopke informed her over the phone that she had to deny the PRE because no one had come forward to claim it for that tax year. Ms. DePriest testified that she then denied the principal residence exemption with respect to the 2012 taxes. Then, from 2013 on, the PRE was granted without any alleged change in circumstances from previous years.

Mr. Pung wrote letters to the Tax Tribunal on February 22, 2013, and March 27, 2013, asking the Tribunal to "make this right." In response, the Tribunal stated that it did not have the authority to grant the property the principal residence exemption for 2012.

Petitioner proceeded to foreclosure with respect to the 2012 tax. No action was taken by respondent through the judgment of foreclosure. Respondent claims that it failed to receive notice of foreclosure proceedings as mandated by statute. However, petitioner claims that it complied with the required statutory notice. While this was going on, the parties were in the process of appealing this court's decision regarding the 2010 and 2011 taxes to the Michigan Court of Appeals. Oral arguments in front of the Court of Appeals occurred in January 2015. The petition for foreclosure was filed June 11, 2014, and judgment of foreclosure was entered on February 20, 2015. When the parties met at the Court of Appeals, petitioner never mentioned the foreclosure proceedings that were at that time occurring with respect to the 2012 taxes, even though the conclusion of the foreclosure proceedings a month later would have essentially rendered the appeal moot. Petitioner was aware that notice of the foreclosure proceedings had been sent to respondent without any response, and that without any response, the foreclosure

2

proceedings would cause respondent to lose the property that was the subject of the Court of Appeals case. Despite this knowledge, petitioner never brought up the subject of the foreclosure proceedings or the 2012 taxes.

On February 22, 2015, petitioner obtained a judgment of foreclosure with respect to the subject property. On April 30, 2015, respondent received a letter stating that the property had been foreclosed upon. Respondent claims that this is the first notice received relative to foreclosure with respect to the 2012 taxes. By that time, more than 21 days had passed since entry of the judgment of foreclosure. Therefore, under MCL 211.78k, the government had already obtained absolute title to the property. Respondent filed a motion requesting this court to set aside foreclosure.

## II. ANALYSIS

Judgment of foreclosure in this matter was entered on February 20, 2015. Under MCL 211.78k(9), after the entry of a judgment of foreclosure, the foreclosing governmental unit may cancel the foreclosure if it finds that the taxes for which the property was foreclosed had been timely paid or sufficient notice was not provided. MCL 211.78k(9)(c), (e). Petitioner refuses to cancel the foreclosure, arguing that the 2012 taxes were not timely paid and that it complied with the statutory notice requirements.

MCL 205.731(a) states that the Michigan Tax Tribunal has exclusive and original jurisdiction over property tax determinations. The Tax Tribunal has exclusive jurisdiction to resolve "factual issues which require its expertise. *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 112; 777 NW2d 507 (2009). However, because the Tax Tribunal does not have the authority to invalidate statutes or consider constitutional matters, a circuit court has jurisdiction over tax forfeiture challenges that do not require any findings of fact, only construction of law. *Id.*

In its unpublished opinion issued February 10, 2015, affirming this court's decision regarding respondent's 2010 and 2011 taxes, the Michigan Court of Appeals found that this court had the authority to apply the findings of the Tax Tribunal to the case before the Court of Appeals. As affirmed by the Michigan Court of Appeals, this court held that pursuant to Tax Tribunal Rule 205.1313(3), the Tax Tribunal's Final Opinion issued on March 7, 2012, applied to the 2010 and 2011 taxes. The Tax Tribunal's opinion stated that the subject property "shall be granted a principal residence exemption for the 2007, 2008, and 2009 tax years." Under Tax Tribunal Rule 205.1313(3), "the appeal for each subsequent year for which an assessment has been established is added automatically to the Petition for an assessment dispute as to the valuation or exemption of property at the time of hearing." An assessment has been established "once the board of review has confirmed the assessment roll at the statutorily required March board of review meeting."

Respondent argues that the Tax Tribunal's March 7, 2012 opinion, holding that the subject property shall be granted a principal residence exemption for the 2007, 2008, and 2009 tax years, should be applied to the 2012 tax year pursuant to the stated rule. At the time of the Tax Tribunal's March 7, 2012 opinion, an assessment had been established for 2010 and 2011. Therefore, this court and the Court of Appeals both held that the Tax Tribunal rule would apply to the 2010 and 2011 taxes, and so the 2010 and 2011 taxes were determined to have been paid in full by operation of the Tax Tribunal's March 7, 2012 opinion. However, at the time of the

March 7, 2012 opinion, an assessment had not been established for the 2012 tax year. The Board of Review for Union Township had not settled the 2012 taxes by March 7, 2012, a fact that is not disputed by respondent. Accordingly, Tax Tribunal Rule 205.1313(3) is not applicable to the 2012 taxes, and so the 2012 taxes cannot be determined to have been paid in full by operation of the Tax Tribunal's March 7, 2012 opinion.

Within 21 days of the entry of a judgment foreclosing property under the General Property Tax Act, the foreclosing government unit obtains absolute title to the property. MCL 211.78k. In this case, respondent did not redeem the property or make any kind of objection to the foreclosure within 21 days of entry of the February 22, 2015 judgment of foreclosure. Accordingly, this court cannot modify or invalidate the judgment of foreclosure unless petitioner failed to provide constitutionally adequate notice of the foreclosure proceedings to respondent. *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich at 10.

Under MCL 211.78i(2), the foreclosing governmental unit shall determine the address reasonably calculated to apprise the owners of a property interest of the show cause hearing and foreclosure hearing shall send notice of both hearings by certified mail, return receipt requested, not less than 30 days before the show cause hearing. MCL 211.78i(3) requires the foreclosing governmental unit to make a personal visit to each parcel forfeited, and if the property appears to be occupied, attempt to personally serve upon the person occupying the property notice of the show cause hearing and the foreclosure hearing. If the foreclosing governmental unit is not able to personally meet with the occupant, it shall place the notice in a conspicuous manner on the property, along with a notice that explains, in plain English, that the property will be foreclosed unless forfeited unpaid delinquent taxes, interest, penalties, and fees are paid. MCL 211.78i(3). Finally, if the foreclosing governmental unit is unable to ascertain the address reasonably calculated to provide notice to the owners of the property, the notice shall be made by publication. MCL 211.78i(5). A notice shall be published for 3 successive weeks, once each week, in a newspaper published and circulated in the county in which the property is located. *Id.*

Respondent argues that it did not receive constitutionally adequate notice of the foreclosure proceedings. To demonstrate that Michael Pung could not have received the relevant notice, respondent points out that every time there has been an issue regarding this property, Mr. Pung has responded. If he would have received notice, Mr. Pung argues that he undoubtedly would have taken action to prevent the foreclosure.

The United States Supreme Court has held that "due process requires the government to provide notice **reasonably** calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (emphasis added) *Jones v Flowers*, 547 US 220, 225; 126 SCt 1708; 164 LEd2d 415 (2006). Petitioner argues that it complied with all statutory notice requirements. Copies of the required notices were presented to this court as exhibits. Notice was mailed to Mr. Michael Pung's residence. The notices were addressed to Timothy Scott Pung. Respondent denies actually receiving any notice of the foreclosure proceedings.

While petitioner complied with the statutory requirements, when this court considers the circumstances of this case, it cannot find that petitioner provided notice reasonably calculated to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

Throughout the foreclosure proceedings, petitioner was aware of and very familiar with respondent and the circumstances of this case. Petitioner does not deny that Marc Pung

4

continuously resided on the subject property in 2012 and that he continues to reside there today. Petitioner claims that the principal residence exemption was denied because no one actually came forward to claim it. However, from 2007 through 2009, no one came forward to claim the PRE, and the Tax Tribunal regardless found in 2012 that Donna and Marc Pung were considered to be owners of the property, that Marc continuously occupied the property, and that respondent was entitled to the PRE for those years. Petitioner was certainly aware of this decision by the Tax Tribunal, and makes no claim that there was any kind of change in circumstances in the time since that decision.

Additionally, Union Township Assessor Pat DePriest was aware of the circumstances of the case and the 2012 decision of the Tax Tribunal. Ms. DePriest initially granted respondent the PRE for the 2012 tax year. Despite the fact that she initially saw fit to grant the PRE, as well as the fact that she does not allege that circumstances had changed between the Tax Tribunal's decision granting the PRE and the 2012 tax year, Ms. DePriest decided to modify the decision to grant respondent the PRE after a telephone conversation from Peter Kopke. After this conversation, Ms. DePriest denied the PRE for 2012 that had previously been granted.

Everyone involved was aware of the circumstances of this case, and yet the PRE was continually denied. This resulted in a situation that required respondent to fight the same fight tax year after tax year just to get the exemption to which the Tax Tribunal had already determined respondent is entitled. Respondent was continually required to invest time and attorney fees trying to secure something that should have been granted in the first place.

Petitioner complied with the statutory notice requirements, but in order for respondent to receive due process under these circumstances, something more was required. Petitioner was aware that the Tax Tribunal had determined that Marc Pung resided on the subject property and that Donna and Marc Pung were owners of the subject property, but no notice of the foreclosure proceedings was ever sent to either Donna or Marc. Petitioner was well aware that Michael Pung was the personal representative of the Estate and that he would be in charge of handling these matters, and yet notice was addressed to the deceased Timothy Scott Pung rather than to Michael Pung. The notices addressed to Timothy Scott Pung were not received by Michael Pung.

Finally, at the time of the foreclosure proceedings, the parties were in the midst of an appeal of this court's decision regarding the PRE for tax years 2010 and 2011. Petitioner was aware that Michael Pung was actively fighting for respondent's entitlement to the PRE for 2010 and 2011, and petitioner was also aware that such a fight would be rendered moot by the foreclosure proceedings that had been set into motion by the denial of the PRE for 2012. At the time of the January 2015 oral arguments in front of the Court of Appeals, the foreclosure proceedings were well underway, as the petition for foreclosure was filed on June 11, 2014. Petitioner knew that Michael Pung had not made any response to the foreclosure proceedings, even though Mr. Pung had, up until that point, responded to each decision made by petitioner, the Tax Tribunal, and this court regarding the subject property. Considering petitioner's familiarity with the case, respondent's previous actions, and respondent's willingness to expend time and money on an appeal regarding the 2010 and 2011 taxes, it should have been clear to petitioner that Michael Pung was not receiving notice and was not aware of the foreclosure proceedings related to the 2012 taxes. However, despite the fact that the parties came into contact with each other at the Court of Appeals, petitioner made no mention of the foreclosure proceedings to Michael Pung or his attorney.

Under the circumstances of this case, petitioner had constructive notice that Michael Pung did not receive notice of the foreclosure. Why would Michael Pung be present at the Court of Appeals and be paying for an attorney to argue against petitioner's appeal regarding the 2010 and 2011 taxes if the issue would be rendered moot a month later at the conclusion of the foreclosure proceedings? Considering all the circumstances of this case, the government was required to take additional action to reasonably put Michael Pung on notice. The government should have provided respondent with a re-notice via mail, or at the minimum, a mention personally of the foreclosure proceedings at the appeal hearing in January 2015. Such additional action would have been reasonably calculated under all the circumstances to apprise respondent of the foreclosure. Had the government made respondent aware of the foreclosure proceedings in January 2015, there would have been sufficient time for respondent to take action to stop the foreclosure.

The notices sent by petitioner, while complying with the statutory requirements, were not reasonably calculated to apprise the interested parties of the foreclosure proceedings. Petitioner did not address the notices to the owners of the property or the personal representative of the Estate, and should have known that respondent was not receiving notices. Despite having the opportunity to correct this problem, petitioner failed to take even the minimum reasonable action of mentioning the foreclosure proceedings to the personal representative of the Estate or his attorney when the parties came into contact with each other at the Court of Appeals. Under the circumstances, and considering all the information known by petitioner, the notice provided was not reasonably calculated to apprise respondent of the foreclosure proceedings. Because respondent was deprived of due process, this court is able to set aside the foreclosure in this case. *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich at 10.

THEREFORE IT IS ORDERED that respondent's motion to set aside foreclosure is granted.

This order resolves the last pending claim and closes the case.

Date: October 8, 2015

Hon. Paul H. Chamberlain (P31682)
Chief Judge
Isabella County Trial Court