

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

PUNG, MICHAEL, as personal
representative of the Estate of
TIMOTHY SCOTT PUNG,

    Plaintiff,

v.

PETER M. KOPKE, in his personal
capacity, PATRICIA DEPRIEST,
in her personal capacity; and
STEVEN W. PICKENS, in his
personal capacity, and COUNTY OF
ISABELLA COUNTY,

    Defendants.

Case No. 18-cv-1334

HON. ROBERT J. JONKER

---

Philip L. Ellison (P74117)
Outside Legal Counsel PLC
Attorney for Plaintiff
P.O. Box 107
Hemlock MI 48626
989-642-0055
888-398-7003 fax
pellison@olcplc.com

William Selesky (P77750)
Department of Attorney General
Assistant Attorney General - Labor Division
Attorneys for Peter Kopke
P.O. Box 30217
Lansing, MI 48909
517-373-2560
SeleskyW1@michigan.gov

Allan C. Vander Laan (P33893)
Cummings, McClorey, Davis & Acho
Attorneys for Defendant Steven Pickens and Isabella County
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI 49546
616-975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

Charles A. Lawler (P65164)
Clark Hill PLC
Attorney for Patricia DePriest
212 E Cesar E. Chavez Ave
Lansing, MI 48906-4328
517-318-3016
clawler@clarkhill.com

---

## DEFENDANTS STEVEN W. PICKENS AND ISABELLA COUNTY'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S DISCOVERY REQUESTS

01226679-1

NOW comes Defendants, Steven W. Pickens and Isabella County, by and through his attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in answer to Plaintiff's Discovery Requests – October 24, 2020, states:

1. REQUEST TO ADMIT: Without regard to the exact figures, please admit that by foreclosing on 3176 St. Andrews Drive, Union Township, Isabella County Parcel No. 37-14-120-00-004-00 when such a property is worth =$200,000, selling for a fraction of its value (for =$76,000) and returning nothing to its former owner, you committed a taking under the Fifth Amendment to the United States Constitution.

**ANSWER: Defendants object to Plaintiff's Request to Admit #1 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions, including the value of the property, and calls for a legal conclusion.  Further, Plaintiff asks Defendants to disregard the exact figures but then proceeds to list the same. Defendants do not admit that the property at 3176 St. Andrews Drive is "worth = $200,000" despite the fact that Plaintiff fails to specify a time period or by what standard he measures "worth."  Further, Defendant cannot admit that the property sold (presumably at auction) for a "fraction of its value (for = $76,000) as the term "value" is not defined.  If value is defined as what a willing buyer paid to a willing seller then the value of the property was worth the selling price on the date of the auction.  The proceeds of the auction could not be returned to the former owner (who was divested of title) pursuant to Michigan's General Property Tax Act; MCL 211.1 et seq.  Further, Defendants deny committing a taking under the Fifth Amendment to the United States Constitution. Without waiving its objections, the remaining allegations are denied as untrue.**

2. INTERROGATORY: If the answer to the previous request for admission is anything other than a complete affirmation, identify with particularity the full/complete factual and legal basis (including all citations to the legal authority relied upon) for your denial, including the name, home and business address, and telephone number of every person having first-hand knowledge of any portion of the facts or law; specify the substance of the facts or law that you or your attorney may seek to elicit from those persons and how those persons gained the information regarding those facts or law; and identify the contents of any written materials or computer data relied on in support of your denial (or attach copies to your answers to these discovery requests). If you are unable to admit or deny the request, identify all the information that you have available in your answer to this discovery request and specify why you cannot admit or deny the previous request for admission.

**ANSWER: Defendant objects to Plaintiff's Interrogatory #2 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions and calls for a legal conclusion. Without waiving its objection Plaintiff's counsel is referred to the numerous briefs written by Defense counsel in support of its position and the Michigan Supreme Court in *Rafaeli* which did not hold there was a taking pursuant to the Fifth Amendment of the United States Constitution.**

3. REQUEST TO ADMIT: Given the Court's ruling that liability on Plaintiffs Fifth and Fourteenth Amendment takings claims is established (see PageID.1358), please admit that interest must be paid by you from the date of the taking of 3176 St. Andrews Drive, Union Township, Isabella County Parcel No. 37-14-120-00-004-00 pursuant Knick v. Twp. of Scott, 139 S. Ct. 216 (2019).

**ANSWER: Defendants object to Plaintiff's Request to Admit #3 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions, misreads the Court's opinion, and calls for a legal conclusion. By way of further answer this Court found liability against the County only. Without waiving its objections and to the extent that the request can be answered, Request to Admit #3 is denied as untrue.**

4. INTERROGATORY: What is the date of the taking as to 31 76 St. Andrews Drive, Union Township, Isabella County Parcel No. 37-14-120-00-004-00?

**ANSWER: Defendant objects to Plaintiff's Interrogatory #4 on the basis that it calls for a legal conclusion. Without waiving its objection, the taking of the property at 3176 St. Andrews Drive occurred when the Circuit Court issued a Judgment of Foreclosure divesting the former owner of the title to the property.**

5. REQUEST TO ADMIT: Given the Court's ruling that liability on Plaintiffs Fifth and Fourteenth Amendment takings claims is established (see PageID.1358), please admit that attorney fees and costs of some amount to be determined must be paid by you pursuant to 42 USC § 1988.

**ANSWER: Defendants object to Plaintiff's Request to Admit #5 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions and calls for a legal conclusion. Defendants deny "that liability on Plaintiff's Fifth and Fourteenth Amendment Taking Claims is established." Without waiving its objections and to the extent that the request can be answered, the remaining allegations of Request to Admit #5 are denied as untrue.**

6. REQUEST TO ADMIT: Under the Fifth Amendment and without regard to the exact damages calculation, please admit that by foreclosing on 3176 St. Andrews Drive, Union Township, Isabella County Parcel No. 37-14-120-00-004-00 when such a property is worth a=$200,000, selling for a fraction of its value (for !«$76,000) and returning nothing to its former owner, you committed a taking under the Fifth Amendment to the United States Constitution.

**ANSWER: Defendants object to Plaintiff's Request to Admit #6 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions, including the value of the property, and calls for a legal conclusion. Plaintiff is further referred to Defendants answer to Plaintiff's Request to Admit 1. Without waiving its objections and to the extent that the request can be answered, Request to Admit #6 is denied as untrue.**

7. REQUEST TO ADMIT: By keeping the "surplus proceeds" as that term is defined in *Rafaeli, LLC v. Oakland Cty.*, No. 156849, 2020 WL 4037642 (Mich. July 17, 2020) after the sale of 3176 St. Andrews Drive, Union Township, Isabella County (Parcel No. 37-14-120-00-004-00), you committed a taking under the Michigan Constitution and are liable for the damages flowing therefrom (in an amount to be determined by these proceedings).

**ANSWER: Defendants object to Plaintiff's Request to Admit #7 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions and calls for a legal conclusion. To the extent that Plaintiff implies any wrongdoing by those Defendants it is denied as untrue. Defendants followed the law as it existed at the time of foreclosure on Plaintiff's property. Defendants acknowledge the holding in**

*Rafaeli* that overruled part of the General Property Tax Act and stated, "former property owners whose properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right in the surplus proceeds resulting from the tax foreclosure sale of their properties. This right continued to exist even after fee simple title to Plaintiff's properties vested with Defendants, and therefore, Defendants' retention . . . amounted to a taking of . . ." property ". . . under Article 10, Section 2 of . . . ." the "1963 Constitution," *Rafaeli* p. 49. Without waiving its objections and to the extent that the request can be answered, the remaining allegations of Request to Admit #7 are denied as untrue.

8. REQUEST TO ADMIT: By keeping the "surplus proceeds" as that term is defined in Rafaeli, LLC v. Oakland Cty., No. 156849, 2020 WL 4037642 (Mich. July 17, 2020) after the sale of 3176 St. Andrews Drive, Union Township, Isabella County (Parcel No. 37-14-120-00-004-00), you committed a taking under the Fifth Amendment to the United States Constitution and are liable for the damages flowing therefrom (in an amount to be determined by these proceedings).

**ANSWER: Defendants object to Plaintiff's Request to Admit #8 as it is vague, ambiguous, compound, confusing, makes inaccurate assumptions and calls for a legal conclusion. Without waiving its objections and to the extent that the request can be answered, Request to Admit #8 is denied as untrue.**

9. PRODUCE: The treasurer office's entire tax file as to 3176 St. Andrews Drive, Union Township, Isabella County (Parcel No. 37-14-120-00-004-00).

**ANSWER: Defendant objects to Plaintiff's Request to Produce #9 as "entire tax file" is vague, ambiguous, overly broad, nor does it specify a time period. Plaintiff's**

counsel was involved in the state court foreclosure litigation and appeals and has voluminous documents that need not be produced again. Any documents in the "tax file" would be a matter of public record and equally available to Plaintiff as Defendant. Defendant requests that Plaintiff be specific as to what documents he is looking for so Defendant does not have to guess. By way of further answer, without waiving its objection Defendant states that it will inquire of his clients about a "tax file" to determine if there is anything that is not a public record or kept in the normal course of business. Defendants will supplement its answer if necessary.

10. INTERROGATORY: Identify all documents, papers, and/or exhibits you have or claim to have which support your allegation(s) as set forth in the filed pleadings and all amendments thereto.

    a. PRODUCE: All documents, papers, and/or exhibits (or crisp clean copies of all documents, papers, and/or exhibits) you have or claim to have which support any claim(s) or defense(s) you will assert this legal action.

ANSWER: Defendants object to Plaintiff's Interrogatory and Request to Produce to the extent it invades the attorney client privilege or attorney work product. Defendants do not yet know all the documents, papers, and exhibits it may assert in this action. The state's foreclosure case is not being relitigated so it seems those documents regarding foreclosure would not be relevant except perhaps the notices and documents regarding the Michigan Principal Residence Exemption. Defendants may rely on whatever documents may be in the "tax file"; Plaintiff's exhibits identified in his Complaint; Plaintiff's proposed exhibits and Co-

**Defendant's. Without waiving its objection, Defendants will identify its exhibits pursuant to this Court's Case Management Order.**

11 . INTERROGATORY: Identify by name, home and business address, and telephone number, every person you or your attorney may call as a witness at any trial or hearing in this matter. You are directed that a response which defers or refers to a witness list (or like-kind document) is insufficient and shall be treated as an evasive answer.

      a. INTERROGATORY: For each witness listed in the preceding interrogatory, please provide a specific and complete itemization of all factual or legal testimony you or your attorney may seek to elicit from those witnesses and how those persons gained the information regarding the facts or law; and list the contents of any evidence (including written materials or computer data) that you or your attorney may seek to introduce through those witnesses, or attach copies to your answers to these discovery requests.

**ANSWER: Defendants object to Plaintiff's Interrogatory and Request to Produce to the extent it invades the attorney client privilege or attorney work product. Defendants do not yet know what witnesses they may call at trial. At a minimum Defendants identify the Plaintiff; Steven Pickens; Patricia DePriest and Peter Kopke. Without waiving its objection, Defendants will identify any witnesses it may call at trial pursuant to this Court's Case Management Order.**

12. INTERROGATORY: In regard to the two previous interrogatories, identify all witnesses you or your attorney may attempt to qualify as experts at any trial or hearing in this matter, as well as any experts you have consulted but do not intend

to use, including a specification of their respective areas of expertise, the number of years of experience in their areas of expertise, their educational backgrounds, copies of their resumes or curriculum vitae, and copies of all reports or summaries prepared by those witnesses (including written materials or computer data), as well as any evidence you or your attorney may seek to introduce through those witnesses not disclosed in your prior answers, or attach copies to your answers to these discovery requests.

**ANSWER: Defendant objects to Plaintiff's Interrogatory #12 on the basis of attorney work product and is an attempt to obtain the mental impressions and trial strategy of defense counsel. Without waiving its objections Defendants state at this time they have not retained any experts.**

13. INTERROGATORY: In regard to the three previous interrogatories, identify with particularity all criminal convictions of those witnesses (especially any crime containing an element of dishonesty, false statement, or theft), and all reprimands or censures by professional organizations, including the name and complete address of the court or professional organization rendering conviction, reprimand, or censure, the specific charge, the date of the conviction, reprimand, or censure, and the docket number of the court file for each conviction, or attach copies to your answers to these discovery requests.

**ANSWER:   Defendant objects to Plaintiff's Interrogatory #13 as criminal convictions of any witnesses other than these Defendants is not within its purview. By way of further answer, without waiving its objection Defendants state, on**

**information and belief, that Treasurer Pickens does not have any such criminal convictions.**

14. INTERROGATORY: Identify the contents of all items you or your attorney will seek to introduce into evidence at any trial or hearing in this matter (including demonstrative evidence) not disclosed in your prior answers to these discovery requests, or attach copies to your answers to these discovery requests.

a. PRODUCE: All items (or crisp clean copies of all items) you or your attorney will seek to introduce into evidence at any trial or hearing in this matter (including demonstrative evidence).

**ANSWER: Defendant objects to Plaintiff's Interrogatory #14 on the basis of attorney work product. Defendants do not yet know which items it may seek to introduce as exhibits at trial. Please see Defendants' answer to Interrogatory #10. Defendant will identify any evidence it plans to introduce at trial pursuant to the Court' Case Management Order.**

15. INTERROGATORY: Identify all persons with whom you consulted and/or checked with to investigate actual or possible answers to these discovery requests; for each person, itemize each discovery request the person contributed information which became your answer in response thereto.

**ANSWER: Defendants object to Plaintiff's Interrogatory on the basis of attorney client privilege and attorney work product. Without waiving tis objection, Defendants consulted with their counsel to answer Plaintiff's discovery requests.**

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
_____
Allan C. Vander Laan (P33893)
Attorneys for Defendant Steven Pickens and Isabella County
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: November 20, 2020

01226679-1

10