## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL PUNG, as personal
Representative of the Estate of
TIMOTHY SCOTT PUNG,

       Plaintiff,

v.

PETER M. KOPKE, in his personal capacity,
PATRICIA DEPRIEST, in her personal
capacity, and STEVEN W. PICKENS, in his
personal capacity, and COUNTY OF
ISABELLA,

       Defendants.

Case No.: 20-cv-13113

Hon. Denise Page Hood

_____/

### DEFENDANT PATRICIA M. DEPRIEST'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT AGAINST DEFENDANT PATRICIA M. DEPRIEST

NOW COMES Defendant PATRICIA M. DEPRIEST, by and through her attorneys Charles A. Lawler and Clark Hill PLC, moves for summary judgment on Counts I and II of Plaintiff's Second Amended Complaint against her pursuant to Fed. R. Civ. P. 56 for the reasons stated below an in the brief filed contemporaneously with this Motion:

1.      Plaintiff Estate of Timothy Scott Pung's ("Plaintiff") Second Amended Complaint asserted two (2) claims against Defendant Patricia DePriest for Count I of conspiracy to violate due process and Count II for equal protection class of one.

2.      Plaintiff's claims arise out of a denial of Principal Residence Exemption ("PRE") for Plaintiff's property and the subsequent foreclosure on the property, pursuant to MCL 211.78, *et seq,* for failure to pay delinquent property taxes, interest, fines and penalties.

3.      Plaintiff's Second Amended Complaint did not provide sufficient facts to assert either claim.

4.      Plaintiff's Second Amended Complaint did not plead sufficient facts to prove that a conspiracy to violate due process existed, especially in light of the Michigan Court's opinions that stated that Plaintiff was provided due process.

5.      The Doctrine of Intracorporate Conspiracy bars Plaintiff's conspiracy claim under § 1983.

6.      Plaintiff's Second Amended Complaint fails to show that Defendant DePriest unreasonably discriminated against Plaintiff when doing as she was instructed by former Defendant Peter Kopke, now Michigan Tax  Tribunal Judge Peter Kopke, when he stated that you could not grant a PRE to a property with an executed affidavit.

7.     Plaintiff's Second Amended Complaint also fails to acknowledge the attempts taken by Defendant DePriest and her office to get Plaintiff, or its representative, to execute a PRE to avoid the issue at bar.

8.     Plaintiff sat on its hands and took no action to resolve the issue even when being told to execute an affidavit and later being told by former Defendant Kopke to take the issue to the Union Township Board of Review.

9.     Plaintiff simply took no positive steps to resolve the issue at bar prior to the foreclosure of the property or to filing the multiple law suits which have preceded this matter.

10.     On September 7, 2021 Charles A. Lawler contacted opposing counsel, Philip Ellison via telephone seeking concurrence for this Motion.  Ellison denied requested concurrence.

WHEREFORE, for the reasons described above, and in the Brief filed contemporaneously with this Motion, Defendant DePriest is entitled to summary judgment in her favor with respect to Counts I and II of Plaintiff's Second Amended Complaint. Summary judgment is proper in this matter because there exists no genuine issue of material fact. Defendant DePriest is entitled to summary judgment in her favor on Count I – Conspiracy to Violate Due Process because Plaintiff cannot show that she engaged in an agreement to unlawfully deprive him of his right to due process. Furthermore, the doctrine of intra-corporate conspiracy bars Count I of

Plaintiff's claim as applied to Defendants DePriest and Pickens. Lastly, Defendant DePriest is entitled to summary judgment in her favor on Count II – Equal Protection – Class of One, of Plaintiff's Second Amended Complaint because Plaintiff cannot show that Defendant DePriest discriminated against him or that such alleged discrimination was unreasonable. Pursuant to Fed. R. Civ. P. 56, Defendant Patricia DePriest requests this Court to grant summary judgment in her favor and against Plaintiff Michael Pung.

Respectfully submitted,

CLARK HILL PLC

Dated:  September 7, 2021

By:  /s/Charles A. Lawler
   Charles A. Lawler (P65164)
   212 East César E. Chávez Avenue
   Lansing, Michigan  48906
   (517) 318-3100
   clawler@clarkhill.com
   *Attorney for Defendant,*
     *Patricia DePriest*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL PUNG, as personal
Representative of the Estate of
TIMOTHY SCOTT PUNG,

        Plaintiff,

v.

PETER M. KOPKE, in his personal capacity,
PATRICIA DEPRIEST, in her personal
capacity, and STEVEN W. PICKENS, in his
personal capacity, and COUNTY OF
ISABELLA,

        Defendants.

Case No.: 20-cv-13113

Hon. Denise Page Hood

_____/

## BRIEF IN SUPPORT OF DEFENDANT PATRICIA M. DEPRIEST'S MOTION FOR SUMMARY JUDGEMENT AS TO COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT AGAINST DEFENDANT PATRICIA M. DEPRIEST

## ***ORAL ARGUMENT REQUESTED***

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................... iii

CONCISE STATEMENT OF ISSUES PRESENTED ............................. v

MOST CONTROLLING AUTHORITY ................................................ vi

STATEMENT OF THE FACTS ............................................................. 1

PROCEDURAL POSTURE .................................................................. 6

ARGUMENT ........................................................................................ 7

   I.  Standard of Review ....................................................................... 7

   II.  Summary Judgment is Proper Because There is No Genuine Dispute of Material Facts ................................................................................ 8

   III. Defendant DePriest is Entitled to Summary Judgment with Respect to the Conspiracy Claim Because Plainitff Cannot Show that the Defendants Shared a Single Plan and the "Intracorporate Conspiracy Doctrine" Applies ........... 11

      *A.*  *Plaintiff Cannot Meet the Elements of Civil Conspiracy to Violate 42 U.S.C. § 1983* ............................................................................. 11

      *B.*  *The Intracorporate Conspiracy Doctrine Defeats Plaintiff's Conspiracy Claim* ........................................................................ 14

   IV. Plaintiff Does Not Possess a Scintilla of Evidence Pointing to an Equal Protection Violation. ..................................................................... 16

CONCLUSION AND RELIEF REQUESTED ...................................... 19

CLARKHILL\98868\345999\263915609.v1-9/7/21

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. CareSource*, 576 F.3d 551 (6th Cir. 2009)..........................................18

*Amadasu v. The Christ Hosp.*, 514 F.3d 504 (6th Cir. 2008)...................................15

*Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135 (2d Cir. 2010) ......... 10, 16

*Blick v. Ann Arbor Public School District*, 516 F. Supp.3d 711
   (E.D. Mich., 2021) ..............................................................................................11

*Boyd v. Baeppler*, 215 F.3d 594 (6th Cir. 2000)......................................................8

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505
   (6th Cir. 1991) ...................................................................................................15

*In re Petition of Isabella Cty. Treasurer v. Estate of Pung*, No. 329858, 2017 WL
   1393854 (Mich. Ct. App. Apr. 18, 2017).............................................................4

*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019) ...................................14

*Jamison v. Dow Chemical Co.*, 354 F.Supp.2d 715 (E.D. Mich. 20014)..................8

*Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574 (6th Cir. 2001).....................8

*Pung v. Kopke*, No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019)...................................2

*Ryan v. City of Detroit*, 2015 WL 1345303 (E.D. Mich., March 25, 2015)........7, 18

*Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003) ..........................................9, 11

*St. Francis Health Care Centre v. Shalala*, 205 F.3d 937 (6th Cir. 2000)...............8

*Village of Willowbrook v. Olech*, 538 U.S. 562 (2000)...........................................16

*West v. Atkins*, 487 U.S. 42 (1988) ........................................................................16

*Williams v. Savory*, 87 F.Supp.3d 437 (S.D.N.Y. 2015) ........................................16

## Statutes

42 U.S.C. § 1983 ................................................................ iv, 6, 11

MCL 211.7cc ......................................................................2

MCL 211.7cc (15)................................................................2

MCL 211.7cc(2)................................................................4, 10

MCl 211.7dd ......................................................................2

## Rules

Fed. R. Civ. P. 56 ..............................................................20

Fed. R. Civ. P. 56(a)............................................................8

CLARKHILL\98868\345999\263915609.v1-9/7/21

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1. WHETHER SUMMARY JUDGEMENT IS PROPER DUE TO THE LACK OF A GENUINE ISSUE OF MATERIAL FACT.

   Plaintiff will answer: NO

   Defendant DePriest answers: YES

2. WHETHER, WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF, THE RECORD FAILS TO SHOW AN AGREEMENT BETWEEN DEFENDANT DEPRIEST AND OTHER COUNTY OFFICIALS TO DEPRIVE PLAINTIFF OF DUE PROCESS.

   Plaintiff will answer: NO

   Defendant DePriest answers: YES

3. WHETHER THE DOCTRINE OF INTRACORPORATE CONSPIRACY BARS PLAINTIFF'S CONSPIRACY CLAIM UNDER 42 U.S.C. § 1983.

   Plaintiff will answer: NO

   Defendant DePriest answers: YES

4. WHETHER, WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF, THE RECORD FAILS TO SHOW THAT DEFENDANT DEPRIEST UNREASONABLY DISCRIMINATED AGAINST PLAINTIFF.

   Plaintiff will answer: NO

   Defendant DePriest answers: YES

CLARKHILL\98868\345999\263915609.v1-9/7/21

## <u>MOST CONTROLLING AUTHORITY</u>

Fed. R. Civ. P. 56(a)

*Jenkins v. Anderson*, 447 U.S. 231 (1980)

*Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003)

*Village of Willowbrook v. Olech*, 538 U.S. 562 (2000)

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505 (6th Cir. 1991)

CLARKHILL\98868\345999\263915609.v1-9/7/21

## STATEMENT OF THE FACTS

### Introduction

This matter involves an overzealous plaintiff who views the legal system as a vehicle for vengeance rather than a last resort for achieving justice. The Plaintiff, Mr. Michael Pung ("Plaintiff"), candidly takes pleasure in using litigation to vindicate his personal vendettas against the government and government officials who are merely trying to do their jobs.

> Q. . . . And were you being sued or did you sue Hayes Township? A. Sued them over zoning. Went to the Supreme Court. I won.
> Q. Next one that you recall?
> A. I think the one I'm telling you was before the Hayes. That was a property deal on Torch Lake.
> Q. And were you the Plaintiff or the Defendant, if you remember?
> A. Plaintiff, We won $3 million.

(**Exhibit A**, Deposition of Michael Pung at 8)

In addition to continuous litigation, Plaintiff routinely bullies government employees with the threat of his "connections" to force them into bending the law in his favor. (**Exhibit B**, March 27, 2013 Letter from Mr. Pung to Mr. Kopke) Plaintiff simply puts his pecuniary gain and his "anti-tax" attitude above the law and procedure. For example, Plaintiff was instructed by the Michigan Tax Tribunal on the procedure for appealing the denial of a Principal Residence Exemption ("PRE"). (**Exhibit C,** April 2, 2013 Letter from Mr. Kopke to Mr. Pung). Instead of following the prescribed procedure, Plaintiff insisted that the County officials follow his orders

at the threat of contacting state government officials. (**Exhibit B**, March 27, 2013 Letter from Mr. Pung to Mr. Kopke) Furthermore, it appears that Plaintiff currently has three (3) PREs for properties in which he is a listed owner on three (3) different properties, a clear violation of MCL 211.7cc (15) "an affidavit filed by an owner for the exemption under this section rescinds all previous exemptions filed by that owner for any other property." (**Exhibit D**, Mr. Pung's Property Tax Information). Finally, Depriest tried numerous times to get Pung or someone in the family residing at the Property to execute a PRE affidavit relating to the Property and Pung and his relatives refused to do so.  The actions of Depriest, in trying to get a PRE affidavit executed, aren't consistent with Pung's claims of lack of due process or conspiracy.

## Substantive Facts

Timothy Scott Pung died in 2004 and left behind real property in the Charter Township of Union located in Isabella County. (Second Amended Complaint at 2, *Pung v. Kopke*, No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 65) DePriest, assessor for Charter Township of Union, denied an application for a Principal Residence Exemption ("PRE") for this property for tax years 2007, 2008, and 2009. (*Id* at 3) Plaintiff appealed this denial to the Michigan Tax Tribunal, which held that the Plaintiff was merely *entitled* to a PRE and "qualified to receive an exemption" pursuant to MCL 211.7cc and 211.7dd. (*Id*) Because this administrative law judge's

decision did not explicitly include tax years 2010 and 2011, DePriest did not apply the PRE tax credit for these years. (*Id* at 4)

As a result, the Plaintiff failed to take note of a "small, unpaid amount of property taxes equal to an amount consisting of the PRE credit." (Second Amended Complaint at 4, *Pung v. Kopke* No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 65) Defendant Steven Pickens ("Defendant Pickens"), county treasurer of Isabella County, then commenced tax foreclosure proceedings in 2013 due to this unpaid amount. (*Id*) Plaintiff challenged these proceedings, and the Isabella Circuit Court found in its favor. (*Id*) Defendant Pickens appealed this decision, which resulted in the Michigan Court of Appeals finding that Plaintiff was "*entitled* to the [PRE]" for tax years 2010 and 2011. (*Id* at 4)

DePriest then first applied the PRE for the 2012 tax year.  (*Id.* at 4)  DePriest, after applying the PRE in 2012, then removed the tax credit after Defendant Kopke notified her that the Plaintiff did not file the requisite documentation. (*Id*; *see also id* at Ex. A, at 48-49) Plaintiff again failed to act on the "small remaining unpaid tax balance," causing Defendant Pickens to commence tax foreclosure proceedings once more in 2015. (*Id* at 5) Plaintiff alleges that DePriest removed the PRE credit "by an agreement and/or arrangement" with Defendant Peter M. Kopke ("Defendant Kopke") and "together with and for the political benefit of" Defendant Pickens. (*Id*) Plaintiff further alleges that all Defendants acted "in joint conspiracy . . . to

ultimately deprive Plaintiff . . . [of] due process of law." (*Id* at 9) The Property was foreclosed during with Judgment of Foreclosure in 2015.  (*Id* at 5) Pung appealed this judgment to the Michigan Court of Appeals.  However, the Michigan Court of Appeals ruled against Plaintiff's due process claim related to the 2015 tax foreclosure proceedings, noting Plaintiff "was not deprived of its constitutional right to due process." (See *In re Petition of Isabella Cty. Treasurer v. Estate of Pung*, No. 329858, 2017 WL 1393854, at *4 (Mich. Ct. App. Apr. 18, 2017), attached as Exhibit E) It is important to note that the foreclosure at issue here is the 2015 Judgment and none of the prior years that make up the lion's share of Plaintiff's allegations.  Additionally, Plaintiff makes no allegations that he has complied with MCL 211.7cc(2) which requires an affidavit from the property owner verifying that the residence requesting a Personal Residence Exemption is occupied by the property owner.  MCL 211.7cc(2) in its relevant portion states as follows:

> MCL 211.7cc(2) provides):   Except as otherwise provided in subsection (5), an owner of property may claim 1 exemption under this section by filing an affidavit on or before May 1 for taxes levied before January 1, 2012 or, for taxes levied after December 31, 2011, on or before June 1 for the immediately succeeding summer tax levy and all subsequent tax levies or on or before November 1 for the immediately succeeding winter tax levy and all subsequent tax levies with the local tax collecting unit in which the property is located. The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed and shall state that the owner has not claimed a substantially similar exemption, deduction, or

4

credit on property in another state. The affidavit shall be on a form prescribed by the department of treasury. One copy of the affidavit shall be retained by the owner and 1 copy shall be retained by the local tax collecting unit, together with all information submitted under subsection (28) for a cooperative housing corporation. The local tax collecting unit shall forward to the department of treasury a copy of the affidavit and any information submitted under subsection (28) upon a request from the department of treasury. The affidavit shall require the owner claiming the exemption to indicate if that owner or that owner's spouse has claimed another exemption on property in this state that is not rescinded or a substantially similar exemption, deduction, or credit on property in another state that is not rescinded. If the affidavit requires an owner to include a social security number, that owner's number is subject to the disclosure restrictions in 1941 PA 122, MCL 205.1 to 205.31. If an owner of property filed an affidavit for an exemption under this section before January 1, 2004, that affidavit shall be considered the affidavit required under this subsection for a principal residence exemption and that exemption shall remain in effect until rescinded as provided in this section.

It is clear and undisputable that Plaintiff never filed the required affidavit.

Defendant DePriest was unsure on whether the PRE was warranted for those years. She initially granted a PRE on the property but sought guidance from the Michigan Tax Tribunal on the validity of that decision, given that there was no affidavit from the present owner on file with the township. Defendant DePriest was told by now Judge Peter Kopke, who was the Chief Clerk of the Michigan Tax Tribunal, that she should probably remove the PRE as there was no affidavit on file. Defendant DePriest subsequently reached out to the Pung family in an attempt to obtain a

5

renewed affidavit to justify the grant of the PRE. (**Exhibit F**, Affidavit of Patricia DePriest) However, members of the family refused to sign it and continued to persist that the property was entitled to a PRE despite the change in ownership and the lack of a valid affidavit.

Plaintiff then failed to pay the full amount of the taxes owed to the Township, and the County of Isabella subsequently foreclosed on the property. Plaintiff later filed the present suit alleging that Defendant DePriest, along with Defendant Steven Pickens, in his official capacity as Isabella County Treasurer, and now Judge Peter Kopke engaged in a conspiracy to deny him of due process under 42 U.S.C. § 1983. Plaintiff also brings an "Equal Protection – Class of One" claim against all defendants.

## PROCEDURAL POSTURE

This matter comes before this Court following its transfer from the United States District Court for the Western District on November 20, 2020. Plaintiff filed his original Complaint on November 20, 2018 (Western Dist. ECF No. 1, PageID 1-8). The operative Complaint today is Plaintiff's Seconded Amended Complaint filed in the Western District, which includes two counts against Defendant DePriest: Count I of conspiracy to violate due process and Count II of equal protection class of one. (Western Dist. ECF No. 65, PageID 509-23). Discovery was concluded on August 6, 2021 per the parties' stipulation and this Court's order. (Eastern Dist. ECF

CLARKHILL\98868\345999\263915609.v1-9/7/21

No. 17, PageID 369-371). It should be noted that despite numerous inquiries for documents and notes used by Pung at his deposition that Pung's counsel has failed to provide said discovery or even reply to said inquiries. (**Exhibit G**, June 23, 2021 Defendant DePriest's First Discovery to Plaintiff and Subsequent Emails Regarding Same)Plaintiff initially included Mr. Peter Kopke as a defendant, who was the Chief Clerk of the Michigan Tax Tribunal, when the facts of this case took place. (Western Dist. ECF No. 1, PageID 1-8). However, the Western District Court dismissed Mr. Kopke in its order dated September 29, 2020. (Western Dist. ECF No. 119, PageID 1348-1359).

## ARGUMENT

### I.   Standard of Review.

"When a defendant seeks summary judgment, the defendant 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Ryan v. City of Detroit*, 2015 WL 1345303 at*2 (E.D. Mich., March 25, 2015) (quoting, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "To withstand summary judgment, the nonmoving party must present sufficient evidence to create a genuine issue of material fact." *Id.* (quoting *Humenny v. Genex Corp.*, 390 F.3d 901, 904 (6th Cir.

2004)). "The opposing party 'may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion.'" *Id.* (quoting *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009)). "*A mere scintilla of evidence is insufficient*; rather, '*there must be evidence on which the jury could reasonably find for the nonmovant*.'" *Id.* (quoting *Jenkins v. Anderson*, 447 U.S. 231, 252 (1980)) (emphasis added).

## II.    Summary Judgment is Proper Because There is No Genuine Dispute of Material Facts.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution affects the outcome of the lawsuit." *Jamison v. Dow Chemical Co.*, 354 F.Supp.2d 715, 725-26 (E.D. Mich. 20014) (citing *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001)). The materiality of a fact is determined by substantive law as it pertains to the plaintiff's claim. *Id.* at 726 (citing *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000)). "Irrelevant or unnecessary factual disputes do not create genuine issues of material fact." *Id.* (citing *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). Summary judgment is proper in this matter because there is no genuine dispute of any material fact. Plaintiff will argue that summary judgment is improper because the parties disagree as to whether

Defendant DePriest reached out to the Plaintiff in order to get his signature on a new affidavit. However, this fact is not material to either of Plaintiff's claims against Defendant DePriest. Furthermore, Depriest did go to Property to secure a PRE affidavit, provided one to Pung in her office prior to the foreclosure and Pung himself admitted that he had a copy of said PRE affidavit in his possession. (See **Exhibit A**, Deposition of Michael Pung at 60)  His, or his family's, failure to execute a PRE is not a result of any actions or inaction taken by DePriest.

Whether Defendant DePriest sought Plaintiff's signature has no bearing on Plaintiff's conspiracy claim because it is not probative as to whether Defendant DePriest had an agreement with her codefendants to deprive Plaintiff of a constitutional right. Civil conspiracy exists when parties form an agreement to injure another through unlawful action and an overt act or an omission is committed in furtherance of the injury. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)). In viewing the facts in the light most favorable to Plaintiff, and assuming *arguendo* that Defendant DePriest did not reach out to him or his relatives to obtain a signature on a new affidavit, such an omission/lack of action cannot amount to conspiracy. Defendant DePriest's alleged failure to reach out to Plaintiff is not material or helpful to Plaintiff's conspiracy claim because a township assessor is not under a duty to seek out individuals to obtain a valid affidavit. It is the owner's duty to file a signed

9

affidavit if he or she wishes to obtain a PRE on their real property. MCL 211.7cc(2). Thus, it is irrelevant to Plaintiff's claim that Defendant DePriest allegedly failed to reach out to him.  And it is simply not true that Depriest failed to reach out to Pung.

Further, whether Defendant DePriest sought out Plaintiff for a renewed affidavit has no bearing on Plaintiff's equal protection – class of one claim either. "A class-of-one claim exists 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Village of Willowbrook*, 538 U.S. at 564). Accordingly, this fact would only be relevant if Plaintiff can show that Defendant DePriest normally seeks out the families of deceased homeowners in order to obtain new affidavits from them to grant a PRE. Since Plaintiff cannot point to a single similarly situated individual whom Defendant DePriest has treated differently, Plaintiff surely does not know of anyone to whom Defendant DePriest reached out for a new affidavit. Therefore, a dispute as to whether Defendant DePriest reached out to Plaintiff is of no consequence on either of Plaintiff's claims against her and does not defeat eligibility for summary judgment.

**III.    Defendant DePriest is Entitled to Summary Judgment with Respect to the Conspiracy Claim Because Plaintiff Cannot Show that the Defendants Shared a Single Plan and the "Intracorporate Conspiracy Doctrine" Applies.**

    A.   *Plaintiff Cannot Meet the Elements of Civil Conspiracy to Violate 42 U.S.C. § 1983*

To successfully state a conspiracy, claim under § 1983, a plaintiff must show that the alleged conspirators shared a single plan, a "conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore*, 330 F.3d at 854 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

In *Blick v. Ann Arbor Public School District*, the plaintiff alleged that several defendants engaged in a conspiracy to violate her due process rights. 516 F.Supp.3d 711 (E.D. Mich., 2021). The court dismissed the plaintiff's conspiracy claim in *Blick* because it found the fact that the defendants were in contact with each other does not fulfill the evidentiary requirement in a conspiracy claim. *Id.* "Blick alleges facts that show that the various Defendants were, of course, in contact with each other

11

throughout her investigation, and she also details some of the acts performed by individual Defendants throughout her Complaint. However, she fails 'to point to any specific evidence of a common plan or objective." *Id.* (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)). Analogously, here, Plaintiff can show that the defendants were in contact with each other—this is based on one phone call—but he cannot point to any fact showing an agreement for the purposes of a conspiracy claim. Furthermore, the actions taken by DePriest to secure an affidavit clearly don't point to the conspiracy alleged by Pung.

Plaintiff alleges that Defendants DePriest and Pickens along with, now Judge, Peter Kopke engaged in a plot to deprive his uncle's estate of the PRE. (Western Dist. ECF No. 65, PageID 513). Plaintiff's conspiracy claim is made up entirely of vague and conclusory allegations with no factual basis. The only evidence in the record that *could* point to an alleged conspiracy is Defendant DePriest's phone call with now Judge Peter Kopke. However, the Western District Court dismissed Plaintiff's conspiracy claim against then Defendant Kopke on the basis that the alleged phone call between him and Defendant DePriest fell short of the factual allegations required to state a conspiracy claim. (Western Dist. ECF No. 119, PageID 1354-55)

> Plaintiff bases his claim against Defendant Kopke on nothing more than an alleged telephone conversation with Defendant DePriest "and possibly Defendant [Pickens]" during which, according to Plaintiff, Mr. Kopke directed Defendant DePriest to deny the homestead exemption.

> Without any supporting factual allegations, Plaintiff alleges that Defendant DePriest removed the homestead exemption from the Property tax calculation "by an agreement between Defendants DePriest, Kopke, and Pickens for the political benefit of Defendant Pickens due to his embarrassment and humiliation in losing the prior legal challenges." Any alleged role Defendant Kopke may have played in the purported conspiracy is simply too skeletal and attenuated to support a claim against him.

(Western Dist. ECF No. 119, PageID 1354-55).

Similarly, the agreement portion of Plaintiff's conspiracy allegation against Defendant DePriest is limited to her phone call with Mr. Kopke. In her deposition, Defendant DePriest testified that the purpose of the phone call was merely to inquire on the validity of her decision to grant a PRE to the Pung property. There is no evidence whatsoever that the conversation involved an agreement between the parties to wrongfully deprive the Pung property of a PRE. In fact, Defendant DePriest disagreed with Mr. Kopke's opinion as she had already granted a PRE prior to making the phone call. (**Exhibit H**, Defendant DePriest's Deposition, pp. 38-40) She merely deferred to his opinion because of his expertise in how the law should be applied as he was the Chief Clerk of the Michigan Tax Tribunal at the time.

Even if Defendant DePriest erred in deferring to Mr. Kopke's opinion, she did not engage in a conspiracy to violate Plaintiff's right to due process. In fact, she subsequently attempted to obtain a new signed affidavit from the Pung family. Her efforts to obtain a signed affidavit following her conversation with Mr. Kopke would defeat the purpose of a conspiracy to deprive the Pung Estate of a PRE because it

13

would have resulted in the granting of the PRE. Had Plaintiff or members of his family agreed to sign and file a new affidavit as Defendant DePriest requested, she would have had no choice but to grant the exemption. Thus, the record clearly shows the lack of an "agreement" between Defendant DePriest and other officials to deprive Plaintiff of due process as well as the lack of an action or omission in furtherance of such agreement. Accordingly, summary judgment in favor of Defendant DePriest is proper with respect to the Count II of Plaintiff's Second Amended Complaint.

### B. The Intracorporate Conspiracy Doctrine Defeats Plaintiff's Conspiracy Claim

In *Jackson v. City of Cleveland*, the United States Court of Appeals for the Sixth Circuit adopted the Eleventh Circuit's "intracorporate conspiracy" doctrine with respect to "§ 1983 suits to bar conspiracy claims where two (2) or more employees of the same entity are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of his rights." 925 F.3d 793, 818 (6th Cir. 2019). Essentially, the doctrine presumes that two (2) persons employed by the same entity and acting within the scope of their employment are the same "person" for the purposes of legal liability. *See id.* at 818-19. By definition, a single person cannot conspire with herself and needs at least one additional person to form a conspiracy. *See id.*

14

After the dismissal of Mr. Kopke, the two (2) defendants that remain in Plaintiff's conspiracy claim are Defendants DePriest and Pickens. It is indisputable that Defendants DePriest and Pickens were acting within the scope of their employment in deciding whether to grant a PRE to the Pung property. Plaintiff will argue that the intracorporate conspiracy doctrine does not apply because Defendant DePriest was an employee of the Charter Township of Union and Defendant Pickens is employed by the County of Isabella. However, employees need not be employed by exact same entity to qualify for intra-corporate conspiracy if they are employed by the same *collective* entity. In *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, the Sixth Circuit Court held that "a school district superintendent, the executive director of the district, and a school administrator" were all "employees or agents of the Board," and were part of the same "collective entity" for the purposes of civil conspiracy. 926 F.2d 505, 510 (6th Cir. 1991); *see also Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (holding that attorneys employed by different firms were a "collective entity" when acting as joint agents on behalf of the same client). Likewise, a township assessor and a county treasurer are members of the same collective agency as much of the scope of their employment revolves around the collection and assessment of real property taxes on behalf of the county. Accordingly, the intra-corporate conspiracy doctrine bars Plaintiff's conspiracy claim against Defendants DePriest and Pickens. Defendant DePriest is therefore

CLARKHILL\98868\345999\263915609.v1-9/7/21

entitled to a judgment as a matter of law with respect to Count I of Plaintiff's Second Amended Complaint.

■       **Plaintiff Does Not Possess a Scintilla of Evidence Pointing to an Equal Protection Violation**.

The Equal Protection Clause of the Fourteenth Amendment prevents government officials from placing burdens on individuals' exercise of fundamental rights or discriminating against a suspect class of individuals. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, where a Plaintiff cannot allege a burden on fundamental rights or discrimination against a suspect class of which he or she is a member, he or she may bring a "class of one" claim rooted in the Equal Protection Clause. *Village of Willowbrook v. Olech*, 538 U.S. 562, 564 (2000). "A class-of-one claim exists 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Village of Willowbrook*, 538 U.S. at 564).

> To succeed on a class-of-one claim, a plaintiff must establish that: (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on a basis of mistake.

*Williams v. Savory*, 87 F.Supp.3d 437, 460 (S.D.N.Y. 2015) (quoting *Village of Willowbrook*, 538 U.S. at 564). In short, Plaintiff must show that (1) Defendant

DePriest treated him differently from other similarly situated individuals, and (2) that such difference in treatment cannot be justified by rational basis nor possible mistake.

Under "Count II Equal Protection Violation – Class of One" of his Second Amended Complaint, Plaintiff merely summarizes his account of the facts then immediately leaps to the conclusion that Defendant DePriest's actions somehow amount to an equal protection violation. *See* ECF No. 65, PageID 517-18. Plaintiff fails to mention any other similarly situated individuals whom Defendant DePriest may have treated differently. Plaintiff does not even allude to their existence and comes to the equal protection allegation simply out of thin air. When asked during his deposition whether he had knowledge of any other individuals receiving different treatment, Plaintiff treated the question as utterly absurd:

> Q. Mr. Pung, . . . do you have any firsthand knowledge where Ms. DePriest took any actions that were intentionally discriminating against you and any difference as to how she would have treated any other person in the same situation in Union Township?
> A. I'll answer that like I answered Mr. Vander Laan: It might not be a personal thing against Mr. Pung, but she's power hungry.
> Q: How about, Mr. Pung, do you have any firsthand knowledge that anything she did was arbitrary, arbitrarily discriminating against you in relation to how she would have treated other Union Township property owners regarding the PREs?
> A. How would I answer that? I don't know how any of the other residents, I'm not friends with every resident in Union Township. That's an impossible question to answer

17

(**Exhibit A**, Deposition of Michael Pung, pg. 82) Additionally, the record shows that Defendant DePriest treated Plaintiff's PRE as she normally would any other. In her deposition, Defendant DePriest testified that it was common practice for her and her assistant to read through the obituary on a daily basis and remove PREs that belonged to anyone who was recently deceased. (**Exhibit H**, Defendant DePriest's Deposition, pg. 69) Thus, Defendant DePriest treated Mr. Pung's estate as she would any other similarly situated individual by removing the PRE associated with his property.

To survive summary judgment, the nonmovant "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "*A mere scintilla of evidence is insufficient*; rather, '*there must be evidence on which the jury could reasonably find for the nonmovant*.'" *Ryan v. City of Detroit*, 2015 WL 1345303 at*2 (E.D. Mich., March 25, 2015) (quoting *Jenkins v. Anderson*, 447 U.S. 231, 252 (1980)) (emphasis added). Evidently, Plaintiff does not possess even a mere scintilla of evidence pointing to any discriminatory or different treatment by Defendant DePriest. Plaintiff cannot point to any other individual whom Defendant DePriest has granted a PRE after the death of the owner and without a renewed affidavit. Even if Plaintiff can point to just one similarly situated individual who was granted a PRE, Plaintiff

still has the burden to show that there was no rational basis or mistake behind Defendant DePriest's difference in treatment.

Assuming *arguendo* that Defendant DePriest treated Plaintiff differently from other similarly situated individuals, Plaintiff still has to show that such a difference in treatment was not reasonable nor the result of a possible mistake. The record shows that Defendant DePriest initially granted the PRE to Plaintiff's property. (**Exhibit H**, Defendant DePriest's Deposition, pp. 38-39). Because she was unsure of the validity of her decision without a signed affidavit on file, Defendant DePriest phoned the Michigan Tax Tribunal seeking guidance on how to apply the statute to Plaintiff's situation. (*See* **Exhibit H,** Defendant DePriest's Deposition, pp. 39-40). She spoke with now Judge Peter Kopke, in a phone call that Plaintiff claims amounts to conspiracy, who opined that granting the PRE would be improper without a signed affidavit from the principal resident. (*See* **Exhibit H**, Defendant DePriest's Deposition, pp. 39-40). Plaintiff simply cannot show that Defendant DePriest was unreasonable in following the opinion of the Chief Clerk of the Michigan Tax Tribunal, as any assessor in her position would be compelled to defer to Judge Kopke's opinion, even if it differed from their own. Accordingly, Defendant DePriest is entitled to summary judgement in her favor with respect to Count II of Plaintiff's Second Amended Complaint.

## CONCLUSION AND RELIEF REQUESTED

19

WHEREFORE, for the reasons described above, Defendant DePriest is entitled to summary judgment in her favor with respect to Counts I and II of Plaintiff's Second Amended Complaint. Summary judgment is proper in this matter because there exists no genuine issue of material fact. Defendant DePriest is entitled to summary judgment in her favor on Count I – Conspiracy to Violate Due Process because Plaintiff cannot show that she engaged in an agreement to unlawfully deprive him of his right to due process. Furthermore, the doctrine of intra-corporate conspiracy bars Count I of Plaintiff's claim as applied to Defendants DePriest and Pickens. Lastly, Defendant DePriest is entitled to summary judgment in her favor on Count II – Equal Protection – Class of One, of Plaintiff's Second Amended Complaint because Plaintiff cannot show that Defendant DePriest discriminated against him or that such alleged discrimination was unreasonable. Pursuant to Fed. R. Civ. P. 56, Defendant Patricia M. DePriest requests this Court to grant summary judgment in her favor against Plaintiff Michael Pung.

CLARKHILL\98868\345999\263915609.v1-9/7/21

Respectfully submitted,

CLARK HILL PLC

Dated:  September 7, 2021

By:  /s/Charles A. Lawler
    Charles A. Lawler (P65164)
    212 East César E. Chávez Avenue
    Lansing, Michigan  48906
    (517) 318-3100
    clawler@clarkhill.com
    *Attorney for Defendant,*
    *  Patricia DePriest*

21

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 7, 2021, he did serve a copy of

*Defendant Patricia M. DePriest's Motion for Summary Judgment as to Counts I and*

*II of Plaintiff's Second Amended Complaint Against Defendant Patricia M. DePriest*

*Under Fed. R. Civ. P. 56, Brief in Support, Index of Exhibits, and Exhibits A-H via*

*electronic filing.  I declare that the statements contained above are true to the best*

*of my information, knowledge and belief.*


By:  */s/Charles A. Lawler*

1

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Word Count Limitations

Pursuant to Local Civil Rule 7.2(b)(ii), I hereby certify this Brief complies with the word count limitation, excluding the part of the document exempted by Fed. R. App. P. 32(f), this Brief contains 5,028 words.  This word count was generated using Microsoft Word 2010.

By:  */s/Charles A. Lawler*

1