

# DECLARATION OF MICHAEL PUNG

1. My name is Michael Pung and I am the Plaintiff in this case, the uncle of Timothy S. Pung, and personal representative of the Estate of Timothy S. Pung.

2. I am making this declaration in support of the motion for summary judgment and this declaration is not met to be a complete recitation of all possible facts relevant to all the claims made in the case but rather was is needed to support the current motion.

3. Timothy Pung died in 2004 leaving behind his wife, Donnamarie, and two (now adult) children.

4. At the time of his death, Timothy S. Pung owned real property located at 3176 St. Andrews Drive, Union Township, in Isabella County (hereinafter the "Pung Property").

5. The value of the Pung Property is at least $194,400 by the county's own property records.

6. Timothy's wife, Donnamarie, lived in the home until 2008.

7. Immediately thereafter, Marc Pung, Timothy's son, moved in to the Pung Property without interruption.

8. For the tax years leading up to 2012, I, as personal representative of the Estate of Timothy S. Pung, successfully litigated with the Michigan Tax Tribunal, ALJ Lasher presiding, that the Principal Residence Exemption (PRE) credit was entitled to the Pung Property (and to the Estate).

9. For the Winter 2012 property taxes, I received the usual tax bill which had correctly applied Principal Residence Exemption (PRE) credit as directed by ALJ Lasher.

10. I, as personal representative, paid the entire amount demanded via the tax bill I received on behalf of the Estate which had correctly applied the PRE credit.

11. However, unbeknownst to me, Union Township Tax Assessor Patricia DePriest took post-billing action, apparently in concert with other official(s), to remove the PRE tax credit from the tax account as to the Pung Property.

12. Assessor DePriest took this action *after* the tax rolls had closed on December 31, 2012.

13. Regardless of Assessor DePriest claims or asserts, I was never provided notice or received any writing of any type that notifying of the removal of the PRE credit in February 2013 (i.e. after December 31, 2012) as required by Michigan law.

14. When Assessor DePriest and Isabella County Treasurer Pickens acted to remove the PRE from the Pung Property in early 2013 after the tax rolls had closed, both knew or should have known that this should not have been done and the tax related thereto was not legally owed due to ALJ Lasher's decision issued at the Michigan Tax Tribunal.

15. Defendant Steven Pickens, the Isabella County treasurer, knew and was informed of the non-due tax throughout the dispute and he simply chose to ignore it because he wanted to inflict retaliation on me.

16. The Court is requested to review the findings of Circuit Court Judge Paul Chamberlain attached as Exhibit E to the concurrently filed motion for summary judgment.

17. As Judge Chamberlain correctly notes, Defendant Steven Pickens, the Isabella County treasurer, never brought up the subject of the foreclosure proceedings or the 2012 taxes despite the parties being before the Court of Appeals.

18. As noted by Judge Chamberlain, to demonstrate that I could not have received the relevant notice, I pointed out that every time there has been an issue regarding this property I had responded and litigated when necessary; if I would have received notice, I undoubtedly would have taken action to prevent the foreclosure.

19. Nevertheless, Defendant Steven Pickens, the Isabella County treasurer, foreclosed on a tax debt that was not legally owed.

20. Thereafter, and with knowledge the tax equal to the withdrawn PRE caused the appearance of tax debt that was not due, Defendant Steven Pickens, the Isabella County treasurer, sent the only received notice *after* being foreclosed upon and the time to redeem had passed.

21. Defendant Steven Pickens, the Isabella County treasurer, gave the only notice received via a letter dated two days after March 31st (on April 2nd) but did not mail the notice until April 22—long after the redemption date.

22. This was, in my opinion, purposely done to prevent me from being to further challenge Defendant Pickens' actions in court.

23. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04 / 30 / 2020

_____
Michael Pung

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Doc ID: 1ff914fd19f681c1e0f9189fb1dc2730e5a6e6b0



Audit Trail

| | |
|---|---|
| **TITLE** | Exhibit P - Michael Pung Declaration |
| **FILE NAME** | 2020-04-30 Pung Declaration.pdf |
| **DOCUMENT ID** | 1ff914fd19f681c1e0f9189fb1dc2730e5a6e6b0 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | • Completed |

Document History

**SENT**  04 / 30 / 2020   22:46:20 UTC
Sent for signature to Michael Pung (n500mp@hotmail.com) from pellison@olcplc.com
IP: 162.247.150.70

**VIEWED**  04 / 30 / 2020   23:20:34 UTC
Viewed by Michael Pung (n500mp@hotmail.com)
IP: 75.133.132.94

**SIGNED**  04 / 30 / 2020   23:23:31 UTC
Signed by Michael Pung (n500mp@hotmail.com)
IP: 75.133.132.94

**COMPLETED**  04 / 30 / 2020   23:23:31 UTC
The document has been completed.

Powered by HELLOSIGN