04/05/2013 10:25   989-773-1988                UNION TOWNSHIP                              PAGE  04/07

APR-05-2013 09:58 From:                                              To:989 773 1988





# MIKE PUNG

27 March 2013

Peter M. Kopke
Tribunal Chief Clerk
Michigan Tax Tribunal
P O Box 30232
Lansing, Michigan  48909

Re:   MTT Docket No. 387372-Enforcement

Dear Mr. Kopke:

Although I appreciated your quick response to my March 19, 2013 letter after reading it I must tell you I am more frustrated and angry than ever. Please allow me to give you a little history to illustrate exactly why I feel as I do.

Timothy Scott Pung died in October of 2004. He was my nephew. He had two children at the time of his death, Katie Pung, and Marc Pung. Initially, Katie Pung was to serve as Personal Representative of his Estate. Unfortunately, however Timothy Scott Pung was business partners with an individual by the name of Billy Finch, who is now in prison for dealing cocaine. Because I knew Billy Finch, and understood the difficulty Katie would encounter attempting to deal with him in settling her father's Estate, I agreed to act as Personal Representative. I started in that capacity in January of 2005, and have since been in probate court trying to divide asserts, and in circuit court, because Billy Finch forged my nephew's signature on a change of beneficiary form on a life insurance policy. I was prepared for the nightmare of dealing with Billy Finch, I was not prepared for the nightmare dealing with the county and state government.

I first became aware that Union Township official Pat Depriest had denied the principal residence exemption with respect to my nephew's house in early 2010. This denial covered tax years 2007, 2008 and 2009. I was forced to contact my attorney, who provided me with a statute, MCL 211.7dd which clearly indicated that as beneficiaries of the Estate, my nephew's wife, and son, were entitled to the principal residence exemption, because between the two of them they had continuously resided at the house, as their principal residence from the date of my nephew's death forward. I very politely requested that Ms. Depriest correct this error, and reinstate the exemption, so that I would not have to expend further Estate money fighting this matter. That letter, and follow up letters had no affect. Finally, I had my attorney draft a letter to Ms. Depriest pleading for justice, because I had already spent more money in attorney fees fighting this

5475 Blue Heron Dr., Alma, MI 48801  •  7866 Boyne City Rd., Charlevo[ix]
989-620-0386

Page 2
Peter M. Kopke
Re:    MTT Docket No. 387372-Enforcement

than the tax savings realized by the principal residence exemption, and it looked as if I would have to spend even more money relative to same.

When the township would not change its position, I was forced to, again, retain an attorney for the hearing before Tribunal Judge Steven Lasher, held February 15, 2012. Judge Lasher made specific findings of fact, including the following..

4.     Mr. Pung's surviving spouse, Donnamarie Pung and two children, Katie Pung and Marc Pung are the beneficiaries of Mr. Pung's Estate;

5.     Mr. Pung's Estate has not been closed as of the date of this final opinion;

6.     Petitioner is the owner of the subject property;

7.     Mr. Pung's surviving spouse Donnamarie Pung occupied the subject property continuously from the date of Mr. Pung's death until late 2008;

8.     Mr. Pung's surviving son, Marc Pung has continuously occupied the subject property from late 2008, and continues to reside at the subject property;

9.     Mr. Pung filed an Affidavit to claim the PRE dated February 16, 1994.

Judge Lasher concluded that the very same statute that I had forwarded to Ms. Depriest in 2010, did apply to this situation, and that the principal residence exemption should have been granted.

I naively thought that the Estate's troubles with respect to this issue at least, were over. Nothing, as it turns out, was further from the truth.

In direct contradiction with the Administrative Law Judge's finding of fact that the property had been occupied as a principal residence from the date of Timothy Pung's death through the hearing date of February 15, 2012, the township refused to grant the exemption for tax years 2010 and 2011, despite Tax Tribunal Rule 205.1313(3) that says the appeal for each subsequent year for which an assessment has been established is added automatically to the Petition for an assessment dispute as to the valuation *or exemption of property at the time of the hearing.* You must understand, we were arbitrarily denied the exemption initially by Ms. Depriest without any justification. We were forced to proceed all the way to hearing before the Tax Tribunal, where our position was not only vindicated, but Ms. Depriest had no evidence to the contrary, and admitted same. Then, despite a finding by the Judge that the conditions required for us to maintain the exemption at least through tax year 2012, Ms. Depriest continued to deny the exemption. Not only was this arbitrary and vindictive, it directly conflicts with the Tax Tribunal Rule I just cited.

To add insult to injury, I received noticed in January of 2013, that because I had not paid the 18 mils in 2010 and 2011, the 2010 taxes were in foreclosure, and the 2011 taxes were in forfeiture. Isabella County Treasurer Steven Pickens filed an action in Isabella County Circuit Court asking for foreclosure relative to the 2010 taxes. That matter was scheduled for hearing February 15, 2013. Again, at my request, my attorney wrote Mr. Pickens pleading with him to reconsider, because by this time the Estate's legal fees had dwarfed the savings generated had the exemption been allowed for the tax years

Pickens/DePriest Deposition Exhibits

Page 3
Peter M. Kopke
Re:    MTT Docket No. 387372-Enforcement

at issue. Mr. Picken's ignored that request, resulting in my attorney's appearance at the hearing. You must remember, it was Isabella County, through Mr. Pickens that chose this forum. They brought the matter in circuit court. My attorney merely responded in the forum that the county chose. Judge Chamberlain rendered an opinion that based on what I have already indicated in this letter, the taxes were fully paid in both 2010 and 2011. When my attorney merely attempted to enter the Order based on the Judge's ruling, Treasurer Picken's hired an attorney, and now for the first time, I hear that the problem is we never filed an application for the principal residence exemption. That is a ridiculous and patently incorrect position for each of the following reasons:

1.    When Ms. Depriest answered my Petition for relief, she stated "until my office is provided with documentation as to who is entitled to the property and that they own and occupy the property we cannot arbitrarily grant the exemption". That response is dated May 25, 2011. Ms. Depriest also indicated that no one had filed an application in their own name. Judge Lasher specifically told Ms. Depriest that since the property was still in the Estate no one could apply for the exemption "in their own name." The tape recording of the hearing will verify this.

2.    Judge Lasher's Opinion stands as proof that no application was necessary on the part of the Estate of Timothy Scott Pung. If such an application were necessary, Judge Lasher could not have ruled in our favor. Rather, his ruling stands as undisputed evidence that no application was necessary, and that in fact, the property had been continuously occupied by beneficiaries of the Estate through the hearing date of February 15, 2012.

If all this was not enough, I finally received a tax notice for 2012, which finally granted the principal residence exemption to the Estate. When I went to pay the tax, however on the 13th day of February, 2013, I was informed that the position of the township had changed, and that the Estate was once again denied the principal residence exemption. I drove directly from the treasurer's office to the subject residence, and found Marc Pung at home. I dragged him back to the office, had him present his driver's license which clearly indicated that the subject property was his principal residence, again to no avail.

I have had numerous run ins with government. The Gratiot County Drain Commission made a $55,000.00 error that I am still paying for. The Health Department closed the pool at my motel without legal justification, which made an already bad year, occupancy wise even worse. I received a $360,000.00 assessment from the Michigan Department of Treasury, that grew to $589,000.00 over two agonizing years. Ultimately, the Health Department acknowledged its error, as did the State Department of Treasury, and even the Drain Commissioner, even though the Drain Commission Assessment could not be changed.

I have to tell you, however those experiences pale in comparison to this one. Can anyone look me in the face and claim that I am wrong? There is one huge difference in

Pickens/DePriest Deposition Exhibits

Page 4
Peter M. Kopke
Re: MTT Docket No. 387372-Enforcement

all the parties involved in this disaster. Every single person is getting paid for their time except for me, and the Estate is the only one spending the money.

I am demanding that the tribunal make this right, and grant the principal residence exemption for tax years 2010, 2011, 2012. Please don't consider this a threat, it is a promise. I will contact Attorney General Bill Schuette, my State Representative, and Senator and Governor Snyder explaining to all of them how our government works, or in this case doesn't work. In the meantime, I have instructed my attorney to proceed in circuit court to enter the Order based on Judge Chamberlain's clear decision on February 15, 2013. The hearing with respect to that Order is scheduled for April 26, 2013. In the meantime, if it is still the tribunal's position that an application for the PRE is necessary, consider this, and all my other letters pleadings for this relief, my application.

Sincerely,

Michael W. Pung

Pickens/DePriest Deposition Exhibits