## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MICHAEL PUNG, as personal
representative of the Estate of
TIMOTHY SCOTT PUNG,

      Plaintiff,

v.

PETER M. KOPKE, in his personal
capacity, PATRICIA DEPRIEST, in
her personal capacity, STEVEN W.
PICKENS, in his official and personal
capacity, and COUNTY OF
ISABELLA,

      Defendants.

Case No. 20-cv-13113

Hon. Denise Page Hood

**[CORRECTED]  REPLY**

---

**Philip L. Ellison (P74117)**
OUTSIDE LEGAL COUNSEL PLC
*Counsel for Plaintiff*
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

**Allan C. Vander Laan (P33893)**
CUMMINGS, MCCLOREY, DAVIS & ACHO
*Counsel for Defendants, Steven W.*
  *Pickens and   County of Isabella*
2851 Charlevoix Dr., SE, Suite 327
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com

**Charles A. Lawler (P65164)**
CLARK HILL PLC
*Counsel for Defendant, Patricia*
  *DePriest*
212 E. Cesar Chavez Ave.
Lansing, MI 48906
(517) 318-3100
clawler@clarkhill.com

---

## DEFENDANT PATRICIA DEPRIEST'S [CORRECTED] REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT DEPRIEST'S MOTION FOR SUMMARY JUDGMENT

## **INTRODUCTION**

Plaintiff, Michael Pung, as Personal Representative of the Estate of Timothy Scott Pung's ("Plaintiff"), Response to Defendant, Patricia DePriest's ("DePriest") instant Motion for Summary Judgment advances a paranoid theory that the Defendants' actions in this case were retaliatory yet can point to no evidence or facts to support this baseless theory. Plaintiff's entire argument is a broken record of speculating that Defendants sought "revenge" or that they were "power hungry." Indeed, Plaintiff's Response fails to proffer a sufficient legal or factual basis to survive summary judgment; it further misstates, misconstrues, and misrepresents certain law and facts.  Plaintiff's Response essentially attempts to "muddy the waters" in a poorly-veiled attempt to distract this Court from the clear and indisputable facts. Notably, Plaintiff's Response fails to point to a single issue of fact material to the claims at hand and merely further illustrates the baselessness of his Conspiracy and Equal Protection Claims.

Importantly, Plaintiff blatantly misrepresents the law and the facts with respect to Defendant's DePriest's "choice" to deny a PRE to the Pung property in 2013. Plaintiff contends that Defendant DePriest had a choice in whether to deny or grant the PRE, when in fact, the law makes clear that she is to deny a PRE when there is no affidavit on file. *See* MCL 211.cc. Plaintiff misrepresents ALJ Lasher's opinion as if it explicitly prescribes that the Pung property will forever qualify for a

PRE regardless of the circumstances. When in reality, the ALJ's opinion was clearly limited to the tax years of 2010 and 2011 and had no bearing on the 2012 tax year. Even if Plaintiff did not know that to be the case, he was well aware of the appeals process, as he had successfully utilized it for the two prior years and could have pursued the same procedure to appeal what he believed to be an unlawful denial of the exemption. Instead, he chose to threaten the Michigan Tax Tribunal to contact then Attorney General Bill Schuette and his other connections in government rather than follow the law. (ECF No. 19-3, PageID 642) For these and other reasons more fully discussed herein, as well as those reasons set forth in DePriest's principal briefing, DePriest respectfully requests that her instant Motion be granted.

## **ARGUMENT**

To survive summary judgment, the nonmovant "must make an affirmative showing with **proper evidence** in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (emphasis added). "A mere scintilla of evidence is insufficient; rather, 'there must be evidence on which the jury could reasonably find for the nonmovant.'" Ryan v. City of Detroit, 2015 WL 1345303 at*2 (E.D. Mich., March 25, 2015) (quoting Jenkins v. Anderson, 447 U.S. 231, 252 (1980)) (emphasis added). Plaintiff does not possess even a mere scintilla of evidence pointing to any conspiracy between Defendants or any discriminatory treatment by Defendant DePriest. All of Plaintiff's allegations regarding Defendant

3

DePriest's state of mind are mere speculation that will be inadmissible at trial. Thus, Plaintiff has no evidence that could convince a jury that Defendant DePriest's actions rise to the level of conspiracy or equal protection violation. Accordingly, Plaintiff's claims cannot survive summary judgment.

## I.  Conspiracy

### A. Intra-Corporate Conspiracy

In his Response, Plaintiff claims that the township and the county being collectively the same entity is "not good enough" for intra-corporate conspiracy to apply but neglects to cite to any law to support that claim. (ECF No. 23, PageID 752) Plaintiff did not even bother to refute Defendant DePriest's legal argument, which is based on valid and applicable Sixth Circuit law. *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008). Instead, Plaintiff misrepresents the holding in *Novak v. City of Parma*, 932 F.3d 421, 436 (6th Cir. 2019), in which two of the defendants were police officers and another was employed by the Ohio Internet Crimes Against Children Task Force. The entities involved in *Novak* were the City of Parma, and the Ohio Internet Crimes Against Children Task Force, a ***nonprofit organization founded by a former prosecutor***. *See id.*; (Exhibit A. "About Ohio ICAC" Page of ohioicac.org)[1] It is clear that the two entities involved in *Novak*,

---

[1] http://ohioicac.org/en-US/about.aspx

a city and a nonprofit organization, are much more attenuated than the entities involved here, a township and a county.

Plaintiff does not cite to any law or facts to support his contention that a township and the county cannot be regarded as one "collective entity" for the purpose of the intra-corporate conspiracy doctrine. Accordingly, the doctrine bars Plaintiff's conspiracy claims against Defendants DePriest and Pickens and they are therefore entitled to judgment as a matter of law on this issue.

B. Conspiracy Generally

Plaintiff argues that circumstantial evidence can suffice to show conspiracy. However, he fails to point to *any* evidence showing conspiracy among the defendants, circumstantial or otherwise. To state a conspiracy claim, a plaintiff must show "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy." *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Assuming *arguendo* that Defendants DePriest and Pickens' roles in the denial of the PRE and initiating the foreclosure process can satisfy the third requirement, Plaintiff nonetheless fails to show any evidence pointing to a single plan or objective.

Plaintiff merely keeps repeating that Defendants DePriest and Pickens "*knew*" of ALJ Lasher's opinion regarding the 2011 exemption throughout his Response

without pointing to how that rises to the level of conspiracy. (ECF No. 23, PageID 755-56) Mere knowledge of Plaintiff's previously successful appeal does not in any way show a single plan or a common objective between the defendants. Plaintiff's argument is based entirely in speculating regarding the defendants' state of mind without so much as a scintilla of legal or factual basis. In fact, Plaintiff admits that Defendant DePriest initially granted Plaintiff a PRE, which, if anything, points to the *opposite* of a common objective or plan between the defendants.

Further, Plaintiff relies on now Mr. Kopke's Affidavit to somehow show that a conspiracy existed between Defendants DePriest and Pickens. (ECF No. 23, PageID 745) It is comically obvious that Mr. Kopke's denial of having advised Defendant DePriest is only relevant to an alleged conspiracy claim between Mr. Kopke and Defendant DePriest, which no longer exists, and has no bearing whatsoever on whether Defendant *DePriest* and Defendant *Pickens* had a common objective or single plan.

Plaintiff repeats two statements throughout in his Response on which he bases his conspiracy claim: (1) that Defendants knew of ALJ Lasher's opinion regarding the 2011 PRE, and (2) that Defendants were not advised by Mr. Kopke. Neither allegation, even if true, rises to the level of conspiracy between Defendants. Plaintiff can keep repeating his version of the facts all he wants but even in viewing the facts

in the light most favorable to the Plaintiff, there is absolutely no evidence that could point to a common objective or single plan between the defendants.

## II. Equal Protection

Plaintiff contends that Defendant DePriest's inability to recall the names of other similarly situated individuals from over eight years ago is somehow telling that she violated the Equal Protection Clause of the Constitution. To establish an equal protection "class of one" claim, the ***plaintiff*** has the burden of showing that the defendant somehow arbitrarily discriminated against him and that such discrimination cannot be justified by rational basis or possible mistake. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The fact that Defendant DePriest could not recall the names of such individuals at the time of her deposition does not mean they do not exist. It is ***Plaintiff's*** burden to show that she somehow discriminated against him, not Defendant DePriest's. Importantly, Plaintiff himself pointed out in his Response that Defendant DePriest had a "15-year career at Union Charter Township." (ECF No. 23, PageID 759) It is unreasonable to expect her to recall the names of individuals and details of her interactions with them, specially when it is Plaintiff's responsibility to prove his equal protection claim. Plaintiff's efforts during discovery clearly came up short on validating his equal protection allegations and he is now

desperately clinging onto her inability to recollect names from nine years ago as his saving grace by arguing it somehow shows an equal protection violation.

Plaintiff said it best in his Response: "[t]he production of no evidence when alleged strong evidence should exist can only lead to the conclusion that [the] assertions are patently false." (ECF No. 23, PageID 760) Accordingly, since Plaintiff has failed to provide any evidence that he was treated differently from others, and it is his burden to provide such evidence, his assertions are patently false.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons and those contained in DePriest's Motion for Summary Judgment, Defendant DePriest respectfully requests that this Honorable Court grant her instant Motion and enter an Order dismissing, with prejudice, all of Plaintiff's claims against DePriest in their entirety, as well as awarding DePriest costs, attorney fees, and such other and further relief that this Court deems equitable and just.

Respectfully Submitted,

CLARK HILL PLC

By:   */s/ Charles A. Lawler*
Charles A. Lawler (P65164)
*Counsel for Defendant DePriest*
212 East César E. Chávez Ave.
Lansing, MI 48906
(517) 318-3100

Dated:  November 1, 2021          clawler@clarkhill.com

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Word Count Limitations

This [Corrected] Reply Brief complies with the word count limitation of Local

Civil Rule 7.2(b)(ii) because, excluding the part of the document exempted by

Federal Rule of Appellate Procedure 32(f), this brief contains 1895 words.  This

word count was generated using Microsoft Word 2016.

/s/ Charles A. Lawler
Charles A. Lawler (P65164)
*Counsel for Defendant DePriest*
212 East César E. Chávez Ave.
Lansing, MI 48906
(517) 318-3100
Dated:  November 1, 2021      clawler@clarkhill.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2021, Defendant Patricia DePriest's [Corrected] Reply in Response to Plaintiff's Response to Defendant DePriest's Motion for Summary Judgment and Certificate of Compliance were filed with the Court via the ECF system, which will send notification to all attorneys of record.

*/s/ Charles A. Lawler*
Charles A. Lawler (P65164)
*Counsel for Defendant, DePriest*
212 East César E. Chávez Ave.
Lansing, MI 48906
(517) 318-3100

Dated:  November 1, 2021          clawler@clarkhill.com