UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL PUNG,
*Personal Representative*
*of the Estate of Timothy*
*Scott Pung*,

      *Plaintiff,*

v.

PATRICIA DEPRIEST,
STEVEN W. PICKENS,
and ISABELLA, COUNTY OF,

      *Defendants.*
_____/

Case No. 1: 20-cv-13113

District Judge Denise Page Hood
Magistrate Judge Patricia T. Morris

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND MOTION FOR ORDER TO REFER THIS MOTION TO MAGISTRATE JUDGE & TO STRIKE (ECF Nos. 41, 45)

**I.    RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DENY WITHOUT PREJUDICE** Plaintiff's October 28, 2022 motion for attorney fees. (ECF No. 41) and extend the time for re-filing the motion to 14 days after the Sixth Circuit issues its mandate. Plaintiff's motion to strike Defendants' previous offer of judgment (ECF No. 45) should be **DENIED**.

**II.    REPORT**

    **A.    Procedural and Factual Background**

1

On November 30, 2018, Plaintiff Michael Pung, personal representative of the Estate of Timothy Scott Pung filed suit under 42 U.S.C. § 1983 in the Western District of Michigan.  In his Second Amended Complaint, filed September 20, 2019, Plaintiff disputes Defendant Isabella County's refusal, through its Defendant agents, to apply the Michigan Principal Residence Exemption ("homestead exemption") to the property owned and lived in by the decedent's beneficiary Marc Pung for tax years 2007 through 2009. (Second Amended Complaint at 4, *Pung v. Kopke* No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019).  The County began foreclosure proceedings which were successfully challenged. *Id.* at 2-4, ¶¶ 13-26.  The challenge was upheld by the Michigan Court of Appeals. *Id.* at 4, ¶ 26.  The homestead exemption was later removed without notice and in 2015 foreclosure proceedings were again commenced, but without notice to Marc Pung. *Id.* at 4-6, ¶¶ 27-29.  The case was transferred to this Court on November 23, 2020.  (ECF No. 3).

On September 29, 2022, the District Court granted in part and denied in part Plaintiff's motion for summary judgment, ordering the County of Isabella to pay the "surplus proceeds" from the tax-foreclosure sale of $73,767.07.  (ECF No. 32, PageID.1095).  Consistent with the partial grant of summary judgment to Plaintiff, Defendants' motion for summary judgment was also granted and denied in part. (ECF No. 33, PageID.1112).

Plaintiff filed a notice of appeal in the United States Court of Appeal for the Sixth Circuit (ECF No. 35, PageID.1116), and Defendants filed a cross-appeal (ECF No. 38, PageID.1127-1129). Both appeals are currently pending in the Sixth Circuit.

**B.      42 U.S.C. § 1988**

42 U.S.C. § 1988 provides that in a civil rights suit under 42 U.S.C. § 1983, "the [district] court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs." To be a "prevailing party," a party must "receive at least some relief of the merits of his claims such as a judgment, and injunction, or a consent decree." *Horner v. Kentucky High Sch. Athletic Ass'n*, 206 F.3d 685, 698 (6th Cir. 2006) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760-61 (1987)).

**C.      Analysis**

**1.  ECF No. 41**

Here, Plaintiff asks for attorney fees in the amount of $102,350 and expenses of $947.78. (ECF No. 41, PageID.1150). In response, Defendants argue that that (1) the requested attorney fees are not justified and (2) the determination of attorney fees is premature in advance of the outcome of the appeal. (ECF No. 44-1, PageID.1213, 1217).

The Court should decline to decide whether the requested fees are justified prior to the Sixth Circuit's determination. At the district court level, Plaintiff prevailed to the extent that his summary judgment motion was granted in part.

3

However, both parties have appealed to the Sixth Circuit. If the Sixth Circuit reverses the grant of partial summary judgment to Plaintiff, or reverses the denial of Defendants' motion for summary judgment, Plaintiff will not be a prevailing party. And even if Plaintiff prevails on appeal, the calculation of reasonable attorney fees may change. At this point, it would be premature to decide Plaintiff's motion for attorney fees while the appeal is pending. Under Fed. R. Civ. P. 54(d)(2)(B), a motion for attorney fees must be filed within 14 days after entry of judgment "[u]nless a statute or court order provides otherwise." The Advisory Committee notes to Rule 54 state that:

> [T]he court under subdivision (d)(2)(B) may effectively extend the period [for filing a fee petition] by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.

The Advisory Notes further state that in the event an appeal is taken, the court may "deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." If the Sixth Circuit partially or wholly reverses the District Court findings, the calculation of attorney fees would necessarily change. *See Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988), *amended,* 878 F.2d 1118, 1989 WL 78701 (8th Cir. 1989) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on

4

appeal . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal.") (internal citations omitted). "Rather than deciding an issue that could ultimately be for naught, or deciding it twice, the Court will defer ruling or the request for attorney's fees and costs until after the appeal has run." *Kryder v. Est. of Rogers*, 321 F. Supp. 3d 803, 810 (M.D. Tenn. 2018).

Plaintiff's motion should therefore be denied without prejudice, pending the Sixth Circuit's resolution of the parties' cross-appeals.[1] The time for re-filing the motion should be extended to 14 days after the Sixth Circuit issues its mandate under Fed. R. App. P. 41.

### 2. ECF No. 45

Plaintiff's Motion for "Order to Refer this Motion to Magistrate Judge & to Strike" an exhibit to Defendants' response to the motion for attorney fees (ECF No. 44-2) should also be denied. (ECF No. 45). The first portion of Plaintiff's compound request-a reference to a Magistrate Judge- is mooted by the District Court's November 15, 2022 order of reference to the undersigned. (ECF No. 50).

In regard to the motion to strike, Plaintiff objects to Defendants' exhibit showing that in June 2021, Defendants made an offer of judgment that well exceeded the $73, 767.07 award by the District Court. (ECF No. 44-2, PageID.1220-1222).

---

[1] Judge Friedman reached the same conclusion in *Reed v. Thomas*, Docket No. 17-13519, ECF No. 112, PageID.1866, where the plaintiff moved for attorney fees while an appeal was pending.

As a threshold matter, the undersigned recognizes that if my recommendation to deny without prejudice Plaintiff's motion for attorney fees, the question of whether the offer of judgment is admissible is a moot point.

Fed. R. Civ. P. 68 governs offers of judgment. Under Rule 68(b), "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Under Rule 68(d) ("Paying Costs After an Unaccepted Offer") "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

While Plaintiff argues that "costs" does not include attorney fees, the Supreme Court in *Marek v. Chesny*, 473 U.S. 1, 9 (1985), determined that in the context of Rule 68, "costs" include attorney fees. "'[C]osts' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." *Id.* ("Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees 'as part of the costs.'"). Because evidence of an unaccepted offer is not inadmissible in determining attorney fees, Plaintiff's motion to strike Defendants' offer of judgment should be denied.

### D. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY WITHOUT PREJUDICE** Plaintiff's October 28, 2022 motion for attorney fees, (ECF No. 41), and extend the time for re-filing the motion to 14 days after the Sixth Circuit issues its mandate. Plaintiff's motion to strike Defendants' previous Offer of Judgment (ECF No. 45) should be **DENIED**.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant

to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 8, 2022    s/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge