**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL PUNG, as personal
representative of the Estate of
TIMOTHY SCOTT PUNG,

      Plaintiff,

v.

PATRICIA DEPRIEST, STEVEN
W. PICKENS, and COUNTY OF
ISABELLA,

      Defendants.

_____/

Case No. 20-13113

Hon. Denise Page Hood

**ORDER ACCEPTING REPORT AND RECOMMENDATION (#83),
GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEY FEES (#61),
DENYING WITHOUT PREJUDICE
MOTION TO ENFORCE JUDGMENT (#62), and
DENYING RENEWED MOTION IN LIMINE
OR TO STRIKE OFFER OF JUDGMENT (#70)**

This matter is before the Court on Magistrate Judge Patricia T. Morris' Report and Recommendation filed May 20, 2025 **(ECF No. 83)**. Objections by the parties were filed to the Report and Recommendation along with responses and replies.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or

recommendations made by the Magistrate." *Id*.  To preserve the right to appeal the Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation.  Fed. R. Civ. P 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

As to Plaintiff's Motion for Attorney Fees, the Court finds that the Magistrate Judge recommended a reasonable fee award and properly considered the motion under the "lodestar" approach by multiplying the reasonable billing rate by the reasonable number of hours expended as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 432-434 (1983).  The Magistrate Judge recommended a fee rate of $575 per hour for 146.95 hours expended, deducting hours spent after an offer of judgment was made by Defendant.  (ECF No. 83, PageID.1738).

Defendant objects to the Report and Recommendation arguing that the fee rate of $575 recommended by the Magistrate Judge was excessive.  Defendant does not object to the number of hours expended.  The Magistrate Judge recommended the fee rate at $575 after review of the fee rates of $350 for mid-Michigan, $575 for Detroit and $710 for civil rights cases.  The recommended rate of $575 per hour is

reasonable in light of where the litigation took place and the type of case involved. Defendant's objection as to the fee rate is overruled.

Plaintiff objects to the Report and Recommendation claiming that the Magistrate Judge erred in reducing the hours expended because of the offer judgment made by Defendant.  The Court agrees with the Magistrate Judge that the number of hours expended by Plaintiff of 220.25 hours, should be reduced by the post offer of judgment hours of 77.3 hours, resulting in 146.95 hours expended by Plaintiff.  (ECF No. 89, PageID.1874) The Supreme Court in *Marek v. Chesny*, 473 U.S. 1, 5-12 (1985), held that the petitioners are not liable for costs, including attorney fees under 42 U.S.C. § 1988 in a 42 U.S.C. § 1983 action, incurred by respondent after petitioners' offer of settlement under Rule 68 of the Rules of Civil Procedure. Plaintiff's objection to the reduction of hours pursuant to Rule 68 is overruled.

The Magistrate Judge denied Plaintiff's Motion to Enforce Judgment without prejudice, stating that the Judgment did not address what interest rate should be used to calculate, specifically the pre-judgment interest rate from the date of the tax foreclosure rate.  Plaintiff objects to this recommendation arguing that the interest rate issue was raised in his motion, that Defendant did not address the interest rate issue and that the Court granted the interest rate in its Order and Judgment.

The Judgment in this case does award interest.  However, the Judgment is silent as to the method the pre-judgment interest should be calculated.  Based on that

silence, there is nothing to enforce and Plaintiff's Motion to Enforce Judgment is denied without prejudice pending a resolution of which method will be used to calculate pre-judgment interest. Plaintiff's objection is overruled.

When a money judgment is awarded, the method to calculate the post-judgment interest is governed by 28 U.S.C. § 1961.  As to pre-judgment interest, such matter "remains essentially one for the discretion of the trial judge. Undoubtedly in the future, district courts may be influenced by the congressional wisdom expressed in the amendment of 28 U.S.C. § 1961(a), but we do not think that they are invariably compelled to adopt the statutory postjudgment rate in determining prejudgment interest." *E.E.O.C. v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984).  The issue then is which method the Court will use to calculate the pre-judgment interest on Plaintiff's monetary judgment.  As recommended by the Magistrate Judge, Plaintiff may file a motion[1] to which Defendants may file a response as to which method the Court should use to calculate the pre-judgment interest, with the calculated amount under the method.  The Magistrate Judge will thereafter issue a recommendation as to which method the Court should use to calculate the pre-judgment interest.

---

[1] The Court reminds the parties as to the requirements of E.D. Mich. LR 7.1(a) and the comment thereto regarding seeking concurrence on motions and the parties' duties to confer.

Plaintiff also objects to not receiving any supplemental attorney fees for the time spent collecting and enforcing the judgment.  Defendants respond that the Magistrate Judge did not recommend that Plaintiff be awarded any post-judgment attorney fees.  In addition, Defendants assert that Plaintiffs cannot recover any fees and costs for any activity by his counsel after the date the offer of judgment was made.  Based on the Court's ruling above that Plaintiffs are not entitled to any fees and costs after Defendants submitted their offer of judgment, and that the judgment cannot be enforced at this time, Plaintiff's objection as to failure to award supplemental attorney fees is overruled.

For the reasons set forth above and after review of the Magistrate Judge's Report and Recommendation, the Court finds that the Magistrate Judge's findings and conclusions are correct.

Accordingly,

IT IS ORDERED that the Report and Recommendation **(ECF No. 83)** is **ACCEPTED and ADOPTED** as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees, Expenses and Costs **(ECF No. 61)** is **GRANTED IN PART and DENIED IN PART**, as more fully set forth above and in the Magistrate Judge's Report.

IT IS FURTHER ORDERED that Plaintiff's Motion to Enforce Judgment or Alternatively for Guidance Together with a Briefing Schedule for a Supplemental Award of Post-Judgment Attorney Fees. **(ECF No. 62)** is **DENIED**. The denial as to the Motion to Enforce Judgment is without prejudice.  Plaintiff may file a motion as to the pre-judgment interest issue and Defendants may file a response.  The Magistrate Judge will thereafter issue a recommendation as to which method the pre-judgment interest rate should be calculated and the amount to be awarded.

IT IS FURTHER ORDERED that the Renewed Motion in Limine or to Strike Offer of Judgment **(ECF No. 70)** is **DENIED**, the Magistrate Judge previously issuing a Report and Recommendation on the matter, and the Court having accepted such.  The Court will not reconsider its previous Order.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 31, 2026

6